BRADLEY, Judge.
This appeal is from the denial of a rule 60(b) motion.
On March 10, 1982 Alabama Paper & Metalware Company, Inc., filed a complaint in the District Court of Montgomery County against Robert Geeter claiming $1,421.26 due on an open account, plus interest of $48.73. Service was perfected on Geeter on April 5, 1982.
On April 14,1982 Geeter wrote a letter to Alabama Paper’s attorney saying that Geeter knew “absolutely nothing about this matter,” had never done business with Alabama Paper and did not know why he owed the money. No response to the complaint was filed with the court.
On June 9, 1982 Alabama Paper obtained a default judgment in the amount of $1,469.99. A motion for relief from judgment pursuant to rule 60(b), Alabama Rules of Civil Procedure, was filed by Geeter. After a hearing the motion was overruled.
Geeter appealed the order of the district court to the circuit court where he claimed that the district court had abused its discretion in overruling the 60(b) motion and asked for relief. After a hearing the circuit court denied the requested relief and Geeter appeals to this court.
In brief Geeter argues that the circuit court abused its discretion in denying the requested relief. He says that, due to mistake or inadvertance, he failed to file an answer to the complaint in the district *1312 court. He said that he thought his letter to the plaintiff’s lawyer was a sufficient response to the action.
In order to be entitled to relief under rule 60(b), one must not only prove mistake or inadvertance but also that one has a meritorious defense to the action. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978).
The circuit court, after a hearing at which it considered the evidence presented to it, found that Geeter had failed to prove that he had a meritorious defense to the open account action. The circuit court then held that the district court had not abused its discretion in denying the 60(b) motion.
The trial court’s judgment shows that the defendant did not appear at the hearing on the motion for relief from judgment but that defendant’s affidavit filed in opposition to plaintiff’s motion for summary judgment was considered but found wanting as proof sufficient to support a 60(b) motion.
Geeter’s affidavit states that he had never done any business with plaintiff and does not know why plaintiff claims he owes it any money. In effect Geeter is saying that he did not buy the items in question from plaintiff and does not owe plaintiff any money. Such proof is evidence of a meritorious defense to the open account claim. And, we can find no authority holding that evidence by affidavit cannot be considered in a case such as the one we have before us. We conclude, therefore, that the trial court erred by holding otherwise.
The trial court did not consider nor decide whether Geeter had proved the grounds listed in rule 60(b)(1) for granting relief from a judgment. The judgment in this case is therefore reversed and the cause remanded for the trial court to decide whether Geeter has proved that he is entitled to relief from the default judgment based on the grounds set out in rule 60(b)(1), A.R.CÍV.P.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.