This appeal arises from a denial of a 60 (b) motion to set aside a final judgment of divorce.
The parties were divorced on April 23, 1985, by decree of the Baldwin County Circuit Court. The divorce was granted upon complaint, answer and waiver. An agreement was reached between the parties as to the disposition of the marital property. This agreement was ratified by the court and was incorporated into the divorce decree. On June 4, 1985, the wife filed a motion for relief from judgment pursuant to Rule 60 (b), A.R.Civ.P., based on fraud and misrepresentation.
The case involves the following facts: Willis Robinson (husband) informed Mona Robinson (wife) that it was necessary to obtain a divorce for a short period of time to insulate him from potential judgment creditors. The parties agreed to divorce and a divorce decree was entered which conveyed a significant amount of property to the wife. She then conveyed the property to the parties' adult son to further insulate the property from the judgment creditors. The son was to reconvey the property to the parties upon their remarriage. There was no agreement as to what was to happen to the property if the parties failed to remarry. The wife also agreed that it was not necessary to provide for alimony in the divorce decree, since the parties were to remarry within a short time. The husband and wife continued to live in the same house and shared the same bedroom after the divorce was granted. The wife told no one about the divorce because she expected to remarry. Approximately one month after the divorce was granted, the wife moved out of the house due to her husband's infidelity. After moving out of the house, the wife learned that the son had reconveyed certain properties back to the husband. The wife immediately filed a motion for relief from the divorce judgment, which was denied. The wife appeals from that judgment.
The dispositive issue on appeal is whether the trial court abused its discretion when it denied the 60 (b) motion. The wife argues on appeal that the agreement of the parties upon which the divorce was based was obtained by fraud perpetrated by the husband. She contends that the husband schemed to have the property which was conveyed to her in the divorce decree, reconveyed to him if the parties failed to remarry.
A trial court has wide discretion in determining whether to grant or deny a 60 (b) motion. Smith v. Smith, 397 So.2d 128
(Ala.Civ.App. 1980), cert. denied, 397 So.2d 130 (Ala. 1981). The court's ruling will not be reversed except for an abuse of that discretion. Whitehead v. Georgia Pacific Corporation,352 So.2d 1342 (Ala. 1977). In determining whether to grant or deny a motion for relief from judgment, the court balances any need to remedy injustice against the need for finality of judgments.Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797 (Ala.Civ.App. 1982).
Parties cannot claim legal rights under a divorce decree when that decree was obtained by fraudulent use of the judicial process. Harrison v. Harrison, 404 So.2d 330 (Ala. 1980). In this case the court found that the initial divorce was obtained through fraud for the purpose of avoiding potential judgment creditors. It then held that both of the parties were in pari delicto in procuring the divorce under fraudulent grounds and, therefore, neither party could complain about the divorce per se.
The trial court also made a factual finding that there was no scheme by the husband to transfer certain properties to him in the event the parties did not remarry. The evidence discloses that the wife was informed by her attorney that she was under no obligation to deed the property to her son. The court found that the son was *Page 919 
the owner of the property once it was conveyed to him, and he could do with it as he pleased.
For the above reasons, the trial court found that the need for finality of judgments was greater than the need to remedy any injustice claimed by the wife. We hold that the trial court did not abuse its discretion when it denied the 60 (b) motion.
The wife contends that either an express or a constructive trust was created by the conveyance of the property from the wife to the son. The wife failed to raise this issue in her 60 (b) motion or at a hearing on the motion. Issues not raised below may not be considered on appeal. Whitworth v. Dodd,435 So.2d 1305 (Ala.Civ.App. 1983).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.