ROBERTSON, Presiding Judge.
This is an appeal from the denial of an Alabama Rules of Civil Procedure 60(b) motion.
The plaintiffs filed a class action against the defendants in 1984, contending that the plaintiffs had overpaid their taxes and seeking a refund. Subsequently, the class was certified pursuant to A.R.Civ.P. 23(b)(1) and (2), and it included all owners of Class III real property located in Laud-erdale County, Alabama, who filed an application for “current use” evaluation of their property prior to January 1, 1981.
Approximately five years after this case was filed, a consent judgment was entered on August 30, 1989, which set out that refunds would be made to certain persons who were agreed to be members of the class. By agreement of the parties all others were thereafter barred from making any claims.
On October 31, 1989, based on the consent judgment, the trial court ordered payments to be made to the class members. No appeal was taken from this order. However, on December 11, 1989, the plaintiffs filed an A.R.Civ.P. 60(b) motion, requesting that the trial court set aside its October 31 judgment and reopen the class and allow additional discovery. After an ore tenus proceeding, the trial court denied the motion. The plaintiffs appeal, and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in denying the plaintiffs’ A.R.Civ.P. 60(b) motion.
We first note that Rule 60(b) is an extreme remedy to be used only under extraordinary circumstances. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). Further, while the denial of a Rule 60(b) motion is appealable, the rule is not a substitute for appeal. McLeod. It is not available to relieve a party from his failure to exercise the rights of appeal. McLeod. Therefore, the denial of a Rule 60(b) motion does not present for review on appeal the underlying judgment. McLeod.
To obtain relief under Rule 60(b), one must allege and prove one of the grounds enumerated in the rule as well as a meritorious defense to the action. McLeod. (This does not apply if the judgment is attacked as void). Further, it is well settled that a trial court has wide discretion in determining whether to grant or deny a Rule 60(b) motion. Robinson v. Robinson, 490 So.2d 917 (Ala.Civ.App.1986). The trial court’s ruling will not be reversed except for an abuse of that discretion. Robinson. In determining whether *1135 to grant or deny a motion for relief from judgment, the court balances any need to remedy injustice against the need for finality of judgments. Robinson.
Here, the case concerns the overpayment of property taxes approximately ten years ago. It has been pending in the courts since 1984. At some point, litigation must come to an end. Clearly, the parties had ample time to conduct their discovery, and, in fact, entered into a consent judgment in 1989. The members of the class were agreed to, and notice was sent by registered mail to other persons who may or may not have been entitled to refunds. As noted above, the parties agreed that all others were thereafter barred from making any claims.
We have reviewed the plaintiffs’ Rule 60(b) motion and find no evidence presented which would support the granting of the motion. We also note that the plaintiffs’ brief does not cite any ground or evidence presented which would result in error by the trial court in denying the motion. Therefore, in view of the above, we cannot say the trial court erred in denying the plaintiffs motion for relief.
This case is due to be affirmed.
AFFIRMED.
RUSSELL and THIGPEN, JJ., concur.