RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s denial of a Rule 60(b), A.R.Civ.P., motion.
At the outset we note that the issue on appeal from the denial of a Rule 60(b) motion is not the correctness of the underlying judgment, but whether the denial of the motion is an abuse of discretion on the part of the trial court. Ex parte Morton, 403 So.2d 235 (Ala.1981); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976). Further, it is well settled that a Rule 60(b) motion cannot be used as a substitute for an appeal. Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App.1980).
Our review of the record reveals the following: Crestpointe Financial Services, Inc. (Crestpointe), obtained a default judgment against Jim Tierce and other defendants on August 31, 1993, in the amount of $20,273.86. Crestpointe filed a writ of garnishment on October 28, 1993, against Tierce’s employer, Bargaintown Homes (Bargaintown).- Bar-gaintown filed an answer on November 15, 1993, which stated, in pertinent part, that “[a]t this time, [Tierce] is not employed by us.”
Crestpointe filed a motion contesting the garnishee’s answer. A hearing was held on January 25,1994. No one was present at the hearing on behalf of Bargaintown, and there is no transcript of the proceedings contained in the record on appeal. The trial court issued an order dated February 3, 1994, wherein the trial court determined that Bar-gaintown’s answer was untrue and that judgment was due to be rendered in favor of Crestpointe in the amount of$20,273.86, plus costs and attorney fees of $400.00.
On May 31, 1994, Bargaintown filed a motion to set aside the judgment pursuant to Rule 60(b)(1) and (b)(3). A hearing was held on the motion, but the record on appeal does not contain a transcript of the proceedings. Thereafter, the trial court issued an order, which provided, in pertinent part:
“The court finds that [Bargaintown] received actual notice of all hearings involving it in this case, both by the proper service of the pleadings and telephone conversations with counsel for [Crestpointe] *110 and that it wilfully and intentionally disregarded the proceedings of the court to such an extent that not only did it fail to respond, but it waited until it was required to file a Rule 60(b) motion instead of a Rule 59 motion. The court finds that there was nothing excusable about [Bar-gaintown’s] negligence, and no fraud was practiced on [Bargaintown].
“It is, therefore, ORDERED, ADJUDGED, and DECREED by the court that the ‘Motion To Set Aside Judgment Pursuant to A.R.C.P., 60(b)(1) and 60(b)(3)’ is denied.”
Bargaintown appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court abused its discretion when it denied the Rule 60(b) motion filed by Bargain-town.
When seeking to determine whether the trial court abused its discretion when it denied the motion, this court should look to the grounds presented in the motion, as well as to the matters presented to the court in support of the motion. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App. 1982).
In the present case, as previously noted, Bargaintown filed its motion to set aside the judgment pursuant to Rule 60(b)(1) and (b)(3). In addition to its motion, Bargain-town filed the affidavits of Marty McDuffie, one of the owners of Bargaintown, and Laurie Boston, an attorney representing another party, Kaufman Enterprises, Inc., which had also filed a writ of garnishment involving Tierce.
It is Bargaintown’s contention that it did not appear at the January 25, 1994, hearing because Marty McDuffie had entered into an agreement with the attorney representing Crestpointe. The agreement was that Crest-pointe would withdraw its motion to contest Bargaintown’s answer to Crestpointe’s writ of garnishment and that Crestpointe would file another writ of garnishment, under which Bargaintown would begin payroll deductions from Tierce’s wages. Bargaintown further contends that the attorney representing Crestpointe assured McDuffie that it was not necessary for her to attend the January 25, 1994, hearing. McDuffie’s affidavit also contains these contentions.
Bargaintown alleged in its motion that it was entitled to relief under Rule 60(b)(1) due to “mistake, inadvertence, surprise, or excusable neglect” and that it could demonstrate that it had a meritorious defense to the garnishment. See Geeter v. Alabama Paper & Metalware Co., 431 So.2d 1311 (Ala.Civ.App.1983). Bargaintown also alleged in its motion that it was entitled to relief under Rule 60(b)(3) due to the “fraud ..., misrepresentation, or other misconduct of an adverse party” in procuring the judgment.
In its response to the motion to set aside the judgment, Crestpointe contends that its attorney never stated, suggested, or implied that it would be unnecessary for Bargain-town to appear for the scheduled hearing. Crestpointe also contends that its attorney never agreed to, or even indicated a willingness to, withdraw the pending garnishment on behalf of Crestpointe. Crestpointe also filed the affidavit of its attorney in response to Bargaintown’s motion to set aside the judgment.
We recognize that the court must balance the need to remedy injustice against the need for finality of judgments in situations where it is called upon to decide whether to grant or deny a Rule 60(b) motion. Robinson v. Robinson, 490 So.2d 917 (Ala.Civ.App.1986). Further, it is not reversible error for the trial court to deny a Rule 60(b) motion in a case, such as the present one, where there is conflicting evidence concerning essential facts. C.W. v. State Department of Human Resources, 590 So.2d 306 (Ala.Civ.App.1991). As noted above, the trial court specifically found in its order that “there was nothing excusable about [Bargain-town’s] negligence, and no fraud was practiced on [Bargaintown].”
In light of the above, this court cannot find that the trial court abused its discretion or committed reversible error when it denied Bargaintown’s motion.
The judgment is due to be affirmed.
*111 The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.