This is an appeal from the trial court's denial of appellant's 60 (b) motion for relief from summary judgment in favor of the appellees.
The evidence shows that on October 29, 1976 Pro-Way Sporting Goods (Pro-Way), an unregistered trade style of Stabler-Pitts 
Associates, Ltd., executed a $34,000 promissory note to the Central Bank of Montgomery, Alabama (Central Bank). The note was signed on behalf of the partnership by Joseph S. Knight and Henry Pitts. The purpose of the loan was to purchase the assets of Henley Craft Sporting Goods, Inc. (Henley Craft). The $34,000 represented Pro-Way's assumption of a $25,000 indebtedness of Henley Craft to Central Bank and an additional $9,000 which Pro-Way had agreed to pay to Henley 
Craft for the assets of the sporting goods business.
According to the uncontroverted affidavit of Terry Henley, one of the owners and *Page 1107 
operators of Henley Craft, it was understood that weekly payments were to be made to the bank to satisfy the $25,000 indebtedness, after which the remaining $9,000 would be paid to the bank for the benefit of Henley Craft.
In addition to the note executed by Pro-Way, Central Bank required Joseph S. Knight, Anne Knight, Henry Pitts and Mary Pitts to execute continuing guaranties of Pro-Way's indebtedness.
In December 1976 Pro-Way defaulted on the loan. After satisfying the $25,000 indebtedness from the proceeds received from a public sale of the assets and from accounts receivable assigned to it by Pro-Way, Central Bank assigned to Henley 
Craft the promissory note and continuing guaranties executed by Pro-Way, the Knights and the Pitts as well as the uncollected accounts receivable.
When the accounts receivable were exhausted, Henley Craft attempted to collect the remaining balance from the Knights and the Pitts based on their guaranties of Pro-Way's debts. They refused to pay and this suit was filed in Jefferson County District Court.
The Knights filed an answer denying the allegations of the complaint and asserting a cross claim against Henry Pitts based on misrepresentation and written and verbal indemnity agreements.
The Pitts filed a motion to dismiss which was denied. They then filed an answer denying the allegations of the complaint and asserting a counterclaim against Henley Craft. The counterclaim was dismissed for lack of jurisdiction and the district court entered judgment in favor of Henley Craft in the amount of $3,255.02. The defendants appealed to Jefferson County Circuit Court.
Thereafter the plaintiffs filed a motion for summary judgment on their complaint which they supported by Henley's affidavit and copies of the note and guaranties. The Knights filed a motion for summary judgment on their cross claim against Pitts supported by a copy of their indemnity agreement.
A hearing was set for May 25, 1979, at which time the trial court entered summary judgment for $3,255.02 against the defendants in favor of Henley Craft and against Henry Pitts in favor of the Knights.
On July 6, 1979, the Pitts filed a motion for relief from summary judgment on the grounds of mistake, inadvertence or excusable neglect pursuant to Rule 60 (b), ARCP. The basis for the motion was that counsel for the Pitts was mistakenly informed by his secretary that the hearing had been continued so that he was not present to contest the motions for summary judgment.
The trial court denied the motion on October 5, 1979, and the Pitts appeal.
The Pitts first argue that the trial court should have granted the 60 (b) motion because the judgment was entered in violation of § 5-19-11, Code of Alabama (1975).
Section 5-19-11 has been held to contain definite prohibitions against both the creditor and the court in an action by a creditor to collect on a debt. The section prohibits the creditor from bringing suit unless he files an affidavit stating that there has not been a violation of the provisions of Title 5, Chapter 19 (the Mini-Code) and that the debtor is a resident of the county in which the suit is filed. The court is prohibited from entering judgment in the suit until such an affidavit is filed. Welch v. G.F.C. Credit Corp.,336 So.2d 1346 (Ala.Civ.App. 1976). The section provides that if a violation exists or if the debtor is not a resident of the county in which suit is filed, the suit shall be abated. §5-19-11, Code of Alabama (1975).
Where the trial court enters judgment in violation of §5-19-11, the appropriate remedy is an appeal of the judgment. This court and the Alabama Supreme Court have held that a Rule 60 (b) motion may not be used as a substitute for appeal. Pacev. Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977); cert. denied,348 So.2d 1065 (Ala. 1977).
The issue of violation of § 5-19-11 is not properly before this court. We therefore do not decide whether suit by an assignee, not *Page 1108 
otherwise subject to the Mini-Code would be subject to the requirements of § 5-19-11.
We would point out that the transaction involved in this case was not a consumer credit transaction. The face of the note and security agreement show it to be a business transaction not subject to § 5-19-11 of the Mini-Code. Sherrill v. Frank MorrisFontiac-Buick-GMC, Inc., 366 So.2d 251 (Ala. 1976).
Pitts next argues that the trial court erred in refusing to grant relief from the summary judgment on the basis of mistake or excusable neglect.
The granting or refusal of a motion for relief from judgment under Rule 60 (b)(1) is a matter within the discretion of the trial court and will be reversed on appeal only for abuse of that discretion. Modernage Homes v. Wooldridge, 55 Ala. App. 68,313 So.2d 190 (1975). In exercising its discretion the court must balance the desire to remedy injustice against the need for finality of judgments. Tichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20 (1974), cert. denied, 293 Ala. 775,307 So.2d 24 (1975).
In determining whether there was an abuse of discretion in denying a motion under Rule 60 (b), the reviewing court looks to the grounds presented and matters presented in support of the motion. Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App. 1976).
The ground for the Pitts' motion was that their counsel had failed to appear to contest the motions for summary judgment because of the mistake or excusable neglect of his secretary. Generally the failure of a defendant or his counsel to appear at the time set for disposing of a case does not entitle him to relief from judgment, although it may in the discretion of the court be considered good cause for relief. Ex parte Cox,253 Ala. 647, 46 So.2d 417 (1950); Brock v. South North AlabamaRailroad Co., 65 Ala. 79 (1880).
The record on appeal presents no evidence, by testimony or otherwise, in support of the Pitts' motion for relief from judgment. There is no showing as to the evidence, if any, which their attorney would have presented in opposition to the motions for summary judgment. Although the motion alleges meritorious defenses to the action, there is no proof of these defenses either by affidavit or testimony. There is nothing before us to support a review of the judgment of the trial court. Modernage Homes v. Wooldridge, supra.
On this record we cannot say that the trial court's denial of the Pitts' 60 (b) motion was an abuse of discretion and the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.