WRIGHT, Presiding Judge.
This is an appeal from a denial of a Rule 60(b), A.R.C.P. motion to vacate a default judgment. The motion alleged 60(b)(1) grounds — mistake, inadvertence, surprise or excusable neglect — as well as 60(b)(6) grounds — that to allow the judgment to stand would be unjust.
Appellant purchased refrigeration equipment from Roy Rutledge, a non-appealing co-defendant, for use in its Jacksonville, Alabama, grocery. Rutledge bought the equipment from Robert McCormick specifically for resale and directed McCormick to deliver the items to the Piggly Wiggly store. Rutledge paid McCormick with a check that the bank returned marked insufficient funds. At the time of the taking of his deposition in connection with the 60(b) motion, Rutledge admitted that he owes McCormick for the equipment.
Rutledge and Piggly Wiggly are not agreed as to whether Piggly Wiggly has fully paid for the equipment and its installation. Rutledge received two of three checks written to him for payment. Apparently the third check was credited against a debt owed by Rutledge to Ms. Mary Hardin, president of Piggly Wiggly. Rutledge said that he never saw that check.
McCormick filed an action in detinue for possession of the equipment against Rutledge and Piggly Wiggly. Both were served a summons and complaint — Rutledge through an agent and Piggly Wiggly through the manager of the Jacksonville store. Neither defendant filed an answer. Approximately two and a half months after service, McCormick’s attorney called the store to inquire why an answer had not *790 been filed. A visiting supervisor told the attorney that the papers had been sent to the Piggly Wiggly attorney in Gadsden. Despite this communication, no answer was filed. About two weeks after the call, a default was taken and execution filed against the property.
More than two months after entry of default, Piggly Wiggly filed a 60(b) motion to set it aside. Appellant failed to utilize Rule 55(c), A.R.C.P. which allows the trial court in its discretion to set aside a default within thirty days after its entry even though such action might not be justified on 60(b) grounds. The trial court denied the 60(b) motion finding that there was no excusable neglect on the part of appellant. From that order, Piggly Wiggly appeals.
Our standard of review of the grant or denial of a 60(b) motion is abuse of discretion. Modernage Homes v. Wooldridge, 55 Ala.App. 68, 813 So.2d 190 (1975). The trial court must balance the desire to remedy injustice against the need for finality of judgments. Tichansky v. Tichansky, 54 Ala.App. 209, 307 So.2d 20 (1974), cert. denied, 293 Ala. 775, 307 So.2d 24 (1975). See Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App.1980). Despite our unfavorable view toward default judgments, we find no abuse of discretion in the trial court.
Appellant contends that if 60(b)(1) grounds were not found by the trial court, the motion should have been granted on 60(b)(6). Rule 60(b)(6) is an extreme remedy used only under exceptional circumstances. Tichansky, supra. The scope of review for 60(b)(6) is also abuse of discretion. Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979). In that case, this court held:
Under these facts, for this court to find that as a matter of law the trial court was required to set aside the judgment would be tantamount to holding that all judgments by default must be set aside when the defendant simply does not defend within the time prescribed by law. This we are not prepared to do. 374 So.2d at 902.
In the instant case, Piggly Wiggly was duly served. When no answer was forthcoming, the appellee’s attorney communicated with a supervisor as to why no answer had been filed. At least two weeks passed after that call before a default was entered. Even after default, Piggly Wiggly waited more than two months to file its 60(b) motion. The trial court considered the evidence on the motion and denied Pig-gly Wiggly relief. We find no abuse of that court’s sound discretion, and therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.