This is an appeal from a denial of a motion for relief under Rule 60 (b) of the Alabama Rules of Civil Procedure.
The trial court divorced the parties on May 18, 1982. Custody of the two children was awarded to the wife. As part of the divorce decree, the husband was to provide $65.00 per week for child support and maintenance, as well as maintain in full force and effect hospitalization insurance on the minor children.
Since the date of the divorce decree, two writs of garnishment have been issued against the husband's employer. The first writ was issued on November 4, 1983, for $446.47, $325.00 of which was for child support arrearages. The second writ was issued on April 16, 1984, for $5,615.00, $260.00 of which was for child support arrearages and $1,830.00 for a debt on orthodontic bills.
Husband's motion to set aside the second garnishment was denied by the trial court on July 2, 1984. On November 1, 1984, the husband moved to set aside this order alleging mistake under Rule 60 (b)(1), A.R.Civ.P. On November 2, 1984, the husband also filed a motion to modify the divorce decree as to custody, a motion to modify divorce decree and for relief from garnishment proceeding, and a motion for Rule Nisi.
After an ore tenus hearing on all of these motions, the trial judge issued an order awarding custody of one of the two children to the husband, and reducing the child support payments to $35.00 per week. The court further ordered that "all other prior orders of the Court not hereinabove amended shall remain in full force and effect." The husband appeals the denial of his Rule 60 (b)(1) motion.
We first note that Rule 60 (b) is an extreme remedy to be used only under extraordinary circumstances. See Snowden v.United Steelworkers of America, 435 So.2d 62 (Ala. 1983); Cityof Daphne v. Caffey, 410 So.2d 8 (Ala. 1981); Piggly Wiggly,Inc. v. McCormick, 411 So.2d 789 (Ala.Civ.App. 1981). While the denial of a Rule 60 (b) motion is appealable, Branson v. MooreGroup, Inc., 439 So.2d 116 (Ala. 1983), the rule is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal. See HarperPlastics, Inc. v. Replex Corp., 382 So.2d 556 (Ala. 1980);Hobbs v. Hobbs, 423 So.2d 878 (Ala.Civ.App. 1982); Pitts v.Henley, 384 So.2d 1105 (Ala.Civ.App. 1980). Therefore, the denial of a Rule 60 (b) motion does not present for review on appeal the underlying judgment. Halstead v. Halstead,53 Ala. App. 255, 299 So.2d 300 (1974). The only standard of review available in the review of a Rule 60 (b) denial is *Page 1099 
that of abuse of discretion. See Acromag-Viking v. Blalock,420 So.2d 60 (Ala. 1982); Pitts v. Henley, supra. In determining whether there was an abuse of discretion the reviewing court looks to the grounds presented and matter presented in support of the motion. Boles v. Hooper McDonald, Inc., 424 So.2d 634
(Ala.Civ.App. 1982); Pitts v. Henley, supra.
To obtain relief under Rule 60 (b), one must allege and prove one of the grounds enumerated in the rule as well as a meritorious defense to the action. See Frazier v. Malone,387 So.2d 145 (Ala. 1980); Wilson v. Crosby Lumber Co.,386 So.2d 1173 (Ala.Civ.App. 1980). But see Ex parte Wilson Lumber Co.,410 So.2d 407 (Ala. 1982) (no allegation of meritorious defense needed if judgment attacked as void). In ruling on a Rule 60 (b) motion, the trial court must attempt to balance the desire to remedy injustice against the need for finality of judgments.Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978).
In his motion under Rule 60 (b), the husband alleges only one ground for relief, that of mistake under 60 (b)(1). Various grounds are asserted as support of this allegation.
Husband's first assertion is that the trial court erred by ignoring evidence that the amount of child support arrearage included in the garnishment should have been much less than the amount needed. He asserts that, as a matter of law, payments made directly to the custodial parent should be used to offset the amount of the judgment. The husband's argument must fail. A mistake of law is not mistake, inadvertence, surprise or excusable neglect as embodied in Rule 60 (b)(1), A.R.Civ.P.City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981). This rule was not intended as a method for a judge to review his legal conclusions. Id. See also Boles v. Hooper andMcDonald, Inc., supra; Halstead v. Halstead, supra.
Husband next argues that the trial court erred in concluding that the divorce decree made appellant solely responsible for the payment of orthodontic bills. Again, the husband's argument must fail. The interpretation of a decree is left to the trial judge. See Hurd v. Hurd, 456 So.2d 316 (Ala.Civ.App. 1984). As such, it is a legal question and Rule 60 (b)(1) was not intended as a method for a judge to review his legal conclusions. City of Birmingham v. City of Fairfield, supra.
Husband further contends that, even if found responsible for the orthodontic bills, the trial court erred in not reducing the amount of the judgment because of "newly discovered" evidence that the orthodontist had reduced the amount of the debt upon which the judgment was based. We note that this argument seems to have been raised for the first time on appeal. This court need not entertain issues not raised below.See Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.),cert. denied, 390 So.2d 635 (Ala. 1980). However, we also note that "newly discovered evidence" as contemplated by Rule 60 (b)(2) means evidence in existence at the time of trial of which the movant was unaware, and which could not through due diligence have been discovered in time to move for new trial under Rule 59, A.R.Civ.P. See Beaty v. Head Springs CemeteryAssociation, 413 So.2d 1126 (Ala. 1982). These motions are not favored, and the burden of proof is on the moving party. Id. In the case at bar, the husband has produced no proof whatsoever as to why this evidence was not discovered earlier, or even as to whether this evidence was in existence at the time of the first hearing on the garnishment. Thus, we cannot find that the trial court abused its discretion by denying the motion on the basis of "newly discovered evidence." This conclusion also obviates the need to address the husband's argument that the order, as it relates to the orthodontic bills, is unsupported by the evidence.
Finally, we note that the husband has attempted to assert in brief that his rights under the fifth and fourteenth amendments to the United States Constitution have been denied. These issues are *Page 1100 
not delineated under the appellant's statement of issues as prescribed by Rule 28 of the Alabama Rules of Appellate Procedure. Although assignments of error have been abolished, it is still the appellant's burden to adequately delineate the issues upon which review is to be based. McNeill v. McNeill,332 So.2d 387 (Ala.Civ.App. 1976). More importantly, there are no supporting authorities cited for the husband's proposition that his constitutional rights have been denied. We will address only those issues for which supporting authorities have been cited to the court. Eady v. Stewart Dredging andConstruction Co., 463 So.2d 156 (Ala. 1985). See Stover v.Alabama Farm Bureau Insurance Co., 467 So.2d 251 (Ala. 1985);In re Gunn, 467 So.2d 963 (Ala.Civ.App. 1985).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.