The wife filed a petition for divorce on October 30, 1992. The husband was served with the petition on November 6, 1992. On December 10, 1992, the wife filed an application for entry of a default judgment. Default judgment was entered on the same date. On December 17, 1992, a default hearing was held, after which a final judgment of divorce was entered.
On December 30, 1992, the husband filed a motion to set aside the entry of default. He admitted that he had been served with the petition on November 6, 1992. He claimed, however, that "he did not receive notice of the default hearing and did not understand that a divorce could be granted without his presence." He further alleged that he had a meritorious defense because the parties had entered into an antenuptial agreement. The court held a hearing on the motion. The motion was denied on January 27, 1993. The husband filed a motion to reconsider on February 4, 1993, alleging additional grounds as to why the judgment should be set aside. The court denied the motion on February 10, 1993.
On April 19, 1993, with the assistance of new counsel, the husband filed a Rule 60(b)(3), A.R.Civ.P., motion, alleging essentially the same grounds alleged in his two previously filed post-judgment motions. The court summarily denied the motion. The husband appeals from that denial. *Page 916 
The husband asserts that the trial court erred in denying his Rule 60(b) motion.
Rule 60(b) is an extreme remedy, to be used only under extraordinary circumstances. McLeod v. McLeod, 473 So.2d 1097
(Ala.Civ.App. 1985). While the denial of a Rule 60(b) motion is appealable, the rule is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal. McLeod. Therefore, the denial of a Rule 60(b) motion does not present for review on appeal the underlying judgment. McLeod. The only standard of review available in the review of a Rule 60(b) denial is that of abuse of discretion. McLeod. In determining whether there was an abuse of discretion, the reviewing court looks to the grounds presented and matter presented in support of the motion.McLeod.
The husband's Rule 60(b) motion did not raise any new issues for the court to consider. The allegations had previously been presented to the court in the husband's motion to set aside the default judgment and in his motion to reconsider the denial to set aside. The husband's procedural recourse was to appeal from the denial of his post-judgment motions. He chose not to do so. It is apparent that the husband's Rule 60(b) motion was an attempt to resurrect his right to appeal. Rule 60(b) may not be used for such purposes. McLeod.
The trial court did not abuse its discretion in denying the husband's Rule 60(b) motion. The judgment of that court is affirmed.
The wife's request for attorney's fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.