L. CHARLES WRIGHT, Retired Appellate Judge.
Patricia Murphy filed a complaint against Golden Poultry Company, Inc. (Golden), asserting that she was entitled to workmen’s compensation benefits as a result of an injury she sustained while employed by Golden. In January 1993, after ore tenus proceedings, the trial court found that Murphy had sustained a 1% impairment to her left knee, that she was temporarily totally disabled for three weeks, and that she had been paid benefits accordingly. The trial court ordered Golden to continue to pay for any reasonable, necessary, and authorized medical treatment of the injury. There was no appeal.
In June 1993, Murphy filed a motion for relief from judgment, pursuant to Rule 60(b)(6), A.R.Civ.P. Murphy alleged in her motion that, upon reexamination by a physician who had examined her prior to the original hearing, it was recommended that she undergo surgery to remove scar tissue that had formed on her knee. Murphy also alleged in the motion that she could not have presented the evidence at the original hearing because Golden refused to provide medical treatment, and that she was likely to suffer further permanent disability as a result of the additional surgery. The trial court denied the motion. Murphy appeals.
*1029 On appeal, Murphy contends that the trial court erred by not granting her Rule 60(b)(6) motion.
The trial court has broad discretion in determining whether to grant or deny a Rule 60(b) motion, and we will look to the grounds presented and matter presented in support of the motion to determine if there was an abuse of that discretion. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). The denial of a Rule 60(b) motion does not present for review the underlying judgment, but a review of whether the trial court abused its discretion in denying the motion. McLeod. It is an extreme remedy, to be used only in extraordinary circumstances. McLeod. While the denial of a Rule 60(b) motion is appealable, the rule is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal. Wright v. Wright, 628 So.2d 915 (Ala.Civ.App.1993).
Murphy contends that Golden’s failure to provide medical treatment prevented her from obtaining substantial evidence of permanent impairment prior to the December 1992 hearing. We find this argument to be without merit. Murphy was afforded the opportunity to obtain and to present evidence on her behalf. What actions she took in that regard were her own.
It is not the intent of Rule 60(b) to relieve a party from the free, calculated, and deliberate choices he/she has made. Musgrove v. Musgrove, 423 So.2d 881 (Ala.Civ.App.1982). A party remains under a duty to take the legal steps necessary to protect her own interests. Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App.1985). We cannot say that the trial court erred in denying Murphy’s motion for Rule 60(b) relief.
We note that the trial court specifically provided in its order “that the employer shall continue to pay for any reasonable, necessary, and authorized medical treatment rendered to the employee in the future for said injury, if any be necessary ... to the extent required by the workmen’s compensation laws of the State of Alabama.” Whether this provision encompasses payment for Murphy’s most recent alleged surgical needs is not for us to decide.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of §■ 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.