W.D. Morgan, Jr., died testate on June 20, 1994. The Choctaw County Probate Court granted Rita Harris, the deceased's daughter, letters testamentary. Harris, as executrix of the estate of the deceased, removed the estate from the probate court to the Choctaw County Circuit Court.
On August 23, 1995, following oral proceedings, the trial court entered a judgment, holding that Ronald Wayne Morgan, one of the sons of the deceased, owned an undivided one-half interest in 39 round bales of hay and an undivided one-half interest in a Yamaha four-wheeler. The trial court ordered, among other things, that "[a]s to all remaining items of personal property, . . . same are hereby owned by the Estate of [the deceased] and . . . [Morgan] be and is hereby divested of any and all interest to said personal property. . . ." The trial court listed the individual items of personal property, and the court ordered the sale of the property at a public auction within a specified time. On September 5, 1995, Morgan filed a motion for a new trial and for a stay of the auction; that motion was denied on September 7, 1995.
Thereafter, Harris filed a motion, requesting the trial court to order that Morgan return certain items of personal property to the estate. On September 13, 1995, the trial court entered an order, stating that it had found certain clerical errors in the August 23, 1995, judgment and amending the judgment to state that Morgan was the owner of a certain "Tru Flo Spreader P250," in addition to his undivided one-half interests in the 39 round bales of hay and the Yamaha four-wheeler. On October 10, 1995, Morgan filed a second motion for a new trial. On October 18, 1995, the trial court entered an order, compelling Morgan either to return to the estate or to make available certain items of personal property belonging to the estate.
On November 1, 1995, Morgan filed a Rule 60(b), Ala.R.Civ.P., motion. On December 29, 1995, the trial court entered an order, amending the August 23, 1995, judgment to allow Harris to sell the estate's property on February 3, 1996. On February 2, 1996, the trial court held a hearing on Morgan's Rule 60(b) motion, at which time Morgan orally petitioned that the trial court declare him the absolute owner of a 255 Massey Ferguson tractor. On February 13, 1996, Harris filed a report of the personal property sold at public auction on February 3, 1996.
On March 14, 1996, the trial court denied Morgan's Rule 60(b) motion, finding that the motion raised the same issues that were addressed in Morgan's original motion for a new trial. The trial court ordered Morgan to *Page 864 
produce within 15 days any evidence of his ownership of the 255 Massey Ferguson tractor. On April 11, 1996, the trial court entered an order, holding that the estate owned the 255 Massey Ferguson tractor.
Morgan appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975. Morgan does not appeal the denial of his Rule 59 motion for a new trial, but appeals the denial of his oral Rule 60(b) motion regarding the ownership of a 255 Massey Ferguson tractor. On appeal Morgan contends that the trial court lacked jurisdiction to enter the April 11, 1996, order.
The trial court has broad discretion in determining whether to grant or deny a Rule 60(b) motion, and we will look to the grounds presented and the matters presented in support of the motion to determine if there was an abuse of that discretion.Murphy v. Golden Poultry Co., 634 So.2d 1027
(Ala.Civ.App. 1994). The denial of a Rule 60(b) motion does not present for review the underlying judgment, but a review of whether the trial court abused its discretion in denying the motion. Id. It is an extreme remedy, to be used only in extraordinary circumstances. Murphy. While the denial of a Rule 60(b) motion is appealable, the rule is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal. Wright v. Wright, 628 So.2d 915
(Ala.Civ.App. 1993). Moreover, "[a] trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments." Grayson v. Grayson,628 So.2d 918, 919 (Ala.Civ.App. 1993) (citations omitted).
The August 23, 1995, judgment divested Morgan of any and all interest in the deceased's personal property. The ownership of the 255 Massey Ferguson tractor was not specifically addressed in the August 23, 1995, judgment. Morgan claimed ownership of that tractor and requested the trial court to determine who owned the tractor. The trial court's April 11, 1996, order determined that the estate owned the tractor. Therefore, we conclude that the trial court did not abuse its discretion in denying Morgan's Rule 60(b) motion. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in result only.