This is an appeal from the trial court's order setting aside its dismissal of the case for lack of jurisdiction.
The parties were divorced in Jackson, Mississippi, on August 9, 1978. The divorce judgment adopted an agreement of the parties that obligated the ex-husband to pay child support for the parties' children until they reached the age of 21. On September 22, 1995, the ex-wife filed a complaint in the circuit court of Baldwin County, alleging that the ex-husband was a resident of Alabama and requesting the trial court to assume *Page 36 
jurisdiction of the case. She sought an order modifying the divorce judgment to require the ex-husband to pay child support for one of the parties' children, who suffers from Down's Syndrome, beyond the age of 21. The ex-husband filed a motion to dismiss for lack of jurisdiction, pursuant to28 U.S.C. § 1738B(d), which provides that a state has continuing jurisdiction over child support matters if the child or one of the contestants resides in the state. He supported his motion with his affidavit in which he asserted that he was temporarily living in Baldwin County because of his work as a traveling salesman and that he maintained his permanent residence in Jackson, Mississippi. On May 8, 1996, the trial court granted the motion to dismiss and noted in its order that the ex-wife's attorney did not contest the motion. However, on June 5, 1996, the trial court entered an order on the docket sheet setting the case for trial on June 24, 1996.
The record indicates that the trial court had returned the case to active status after receiving several documents from an unidentified woman, presumably the ex-wife. The ex-husband filed a motion to quash the trial setting and a motion requesting the trial judge's recusal based on the ex parte receipt of documents. These motions were not granted. The ex-wife then filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., requesting the trial court to set aside the judgment dismissing the case. Following a hearing, the trial court granted the Rule 60(b) motion. Thereafter, the case was tried and the trial court ordered the exhusband to pay $1374.61 per month in post-minority support. The trial court denied the ex-husband's motion to alter, amend, or vacate the judgment; he appeals.
The ex-husband argues that the trial court committed reversible error by reinstating the case pursuant to the ex-wife's request for relief under Rule 60(b). Relief from judgment is available under Rule 60(b) when a party alleges and proves one of the following grounds for relief:
 "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment."
The ex-wife's motion stated grounds for relief pursuant to Rule 60(b)(1), (2), (3), and (6).
Our standard of review in regard to the grant or denial of a Rule 60(b) motion affords the trial court broad discretion and looks to the grounds asserted and the matter presented in support of the motion to determine if the trial court abused its discretion. McLeod v. McLeod, 473 So.2d 1097
(Ala.Civ.App. 1985). The trial court's order did not indicate which ground for relief it found persuasive; therefore, we will examine all of the grounds asserted.
The ex-wife claims mistake, inadvertence, or excusable neglect based on her attorney's failure to oppose the ex-husband's motion to dismiss. Her motion stated that her attorney had relied on the ex-husband's affidavit in which he claimed that he was not a resident of Alabama. This court has held that Rule 60(b) is an extraordinary remedy that cannot be used to relieve a party from free, deliberate, and calculated choices. Murphy v. Golden Poultry Co., 634 So.2d 1027
(Ala.Civ.App. 1994). "A party remains under a duty to take the legal steps necessary to protect her own interests." Id. at 1029. The ex-wife's attorney deliberately chose to acquiesce to the dismissal of the case. Therefore, the ex-wife did not show that she was entitled to relief under Rule 60(b)(1).
The ex-wife asserted that she was entitled to relief based on her attorney's discovery, after the case was dismissed, that the ex-husband had filed a 1994 tax return that listed a Baldwin County address as his residence; she claimed that this was newly discovered evidence that could not have been discovered in time to move for a new trial. The record indicates that, at the time she filed her complaint, the ex-wife filed a request for production asking for tax returns and other documents that were contained in *Page 37 
the materials anonymously delivered to the trial court. There is some indication in the record that the tax return in question may have been produced before the case was dismissed.
Our Supreme Court has held that a party cannot obtain relief based on "newly discovered evidence" when that party had knowledge that requested documents had not been produced.Pacifico v. Jackson, 562 So.2d 174 (Ala. 1990). The Court stated "it was incumbent upon Dr. Pacifico to make sure that the documents he requested via the subpoena be produced before trial." Id. at 178. Likewise, in this present case, the ex-wife had propounded a discovery request to the ex-husband, and, without obtaining the documents requested, agreed to the case being dismissed. The ex-wife did not exercise due diligence to obtain the information at issue, and, therefore, could not properly obtain relief pursuant to Rule 60(b)(2). McLeod v.McLeod, 473 So.2d 1097 (Ala.Civ.App. 1985).
The ex-wife asserted that the ex-husband committed fraud by denying that he resided in Alabama. To obtain relief pursuant to Rule 60(b)(3), a party must prove by clear and convincing evidence that the adverse party engaged in fraud or other misconduct and that the misconduct prevented the moving party from fully and fairly presenting her case. Pacifico, supra, at 179. The ex-wife presented no evidence that the ex-husband's affidavit was fraudulent; the affidavit stated that he had lived in a rented home in Baldwin County since January 1995 but that he continued to own a home in Mississippi and that he considered Mississippi his permanent residence. The evidence also fails to establish that the ex-husband's representation prevented the ex-wife from fully and fairly presenting her case. Therefore, she was not entitled to relief from the order of dismissal based on this ground.
Relief from judgment under Rule 60(b)(6) is reserved for extraordinary cases and cases of extreme hardship, injustice, or aggravated circumstances, Ex parte American Resources Ins.Co., 663 So.2d 932, 936 (Ala. 1995), and is available only in cases in which the circumstances do not fit within the grounds listed in Rule 60(b)(1)-(5). Id. Because the basis for seeking relief from the judgment falls under grounds listed in other sections of Rule 60(b), and because the ex-wife failed to present evidence of extraordinary circumstances justifying relief from the judgment dismissing the case, the trial court could not have granted relief under this provision without abusing its discretion.
The judgment of the trial court setting aside the previous judgment dismissing the case is reversed. Therefore, it is unnecessary to address the other issues raised by the ex-husband.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result. *Page 1256