MONROE, Judge.
Theresa Johnson appeals from the trial court’s denial of her Rule 60(b), Ala. R. Civ. P., motion for relief from a judgment.
The trial court entered a judgment on March 28, 1995, divorcing Theresa Johnson from Marshall Johnson, Jr. On June 8, 1995, the husband moved to set aside the divorce judgment, and a hearing on the motion was scheduled for August 29, 1995. However, on August 29, the husband filed a motion to dismiss his earlier motion to set aside the judgment. Attached to the motion was a letter from the husband to his attorney stating that his services were “no longer needed due to a reconciliation [sic].” The letter asked the attorney to cancel the August 29 hearing.
On July 16, 1996, the trial court held a hearing on the husband’s motions, then entered the following order:
“Under Rule 60(b) the Court finds that the Decree of Divorce entered March 28, 1995, is hereby set aside and held for naught as the parties reconciled and notified the court of such reconciliation during the pendency of said matter. Said reconciliation between the parties to a divorce abrogates the cause of action. Both parties testified on this day that they had reconciled and lived together as husband and wife. This action is hereby dismissed and costs are taxed as paid.”
*162 The wife appealed, and this Court affirmed the judgment without opinion. Johnson v. Johnson, (No. 2960594, March 7, 1997) — So.2d -(Ala.Civ.App.1997) (table).
While that appeal was pending, this court gave the wife leave to file a motion pursuant to Rule 60(b)(2), Ala. R. Civ. P., on the ground that she had discovered that the husband had married another woman on August 14, 1995, just two weeks before the husband asked the trial court to dismiss his motion to set aside the divorce judgment on the basis that he and the wife had reconciled. After a hearing on the wife’s Rule 60(b) motion, the court denied it. The wife appeals.
At the Rule 60(b) hearing on January 21, 1997, the husband testified that he had married Hattie Anderson on August 14,1995, but at that time he was living with Theresa Johnson. He said that he continued to live with Theresa Johnson even after he married Anderson, and that Theresa Johnson did not move out of their residence until June 1996. He said that his new wife, Anderson, has never lived with him.
Anderson also testified that she and Marshall Johnson were married on August 14, 1995. She said that she did not think Marshall and Theresa Johnson were living together at that time. From her limited testimony, it is clear that Anderson did not know exactly where Marshall Johnson was living, but obviously he was not living with her.
Theresa Johnson testified that Marshall Johnson had moved back into their marital residence in June 1995 and that at that time they were going to try to “work things out.” She said he lived with her at their marital residence until she moved out in June 1996. She testified that she had no idea that Marshall Johnson would marry another woman while living her with and while they were trying to reconcile.
At the close of the January 1997 hearing, the trial court said it was satisfied that at the time of the July 1996 hearing, after which the trial court set aside the divorce judgment, the wife did not know that the husband had married another woman. The court also recognized that the parties now wanted to be divorced. However, the court said that it believed that evidence of the husband’s August 1995 marriage was discoverable “if the documents were properly filed in probate court,” and for that reason it denied the wife’s Rule 60(b) motion.
The trial court has broad discretion in determining whether to grant or to deny a Rule 60(b) motion, and appellate courts are to look at the grounds and matters presented in support of the motion to determine whether there was an abuse of discretion. Morgan v. Estate of Morgan, 688 So.2d 862 (Ala.Civ.App.1997). Rule 60(b)(2) allows a trial court to relieve a party from a final judgment, order, or proceeding if that party has newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). “ ‘Newly discovered evidence’ as contemplated by Rule 60(b)(2) means evidence in existence at the time of trial of which the movant was unaware, and which could not through due diligence have been discovered in time to move for a new trial under Rule 59, Ala. R. Civ. P.” McLeod v. McLeod, 473 So.2d 1097, 1099 (Ala.Civ.App.1985).
The husband married another woman in August 1995, nearly one year before the July 16,1996, hearing to determine whether to set aside the divorce judgment. Evidence showed that, at the time of the hearing, Theresa Johnson was not aware of that marriage. The husband lived with her and she believed that they were making an effort at reconciliation.
Due diligence does not require that every possibility — no matter how farfetched — be considered. The exercise of due diligence requires only that “measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances.” Black’s Law Dictionary, “Diligence — Due diligence,” 411 (6th ed.1990). See, Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App.1992) (equating reasonable diligence with due diligence). Under the facts of this case, it would not be reasonable for Theresa Johnson to expect that her husband' had actually married someone else while he was living in their home and claiming to want a reconciliation. Therefore, it *163 would not be reasonable to hold that, because Theresa Johnson did not cheek probate records to determine whether he had married someone else, she did not exercise due diligence. The trial court abused its discretion in denying the wife’s Rule 60(b) motion on the ground that she had failed to exercise due diligence.
Therefore, the judgment is reversed and this ease is remanded with instructions for the circuit court to grant the wife’s Rule 60(b) motion for relief from the judgment setting aside the original divorce judgment, and for the court to reinstate the original divorce judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.