The State, on behalf of Stephanie Croson, appeals from the judgment of the trial court setting aside all orders and judgments entered on and after August 1, 1996, in a divorce case between Stephanie Croson and Joseph Croson and modifying the child support provisions of the Crosons' divorce judgment and recalculating arrearages based on the reduced child support amount.
The relevant facts are as follows: The court divorced the parties on July 31, 1992, awarding to the mother custody of the parties' minor child and ordering the father to pay $216 per month in child support, beginning August 1, 1992, and to pay all medical, orthodontic, dental, eye care, and prescription drug expenses not covered by the mother's health insurance.
On August 14, 1995, the State, on behalf of the mother, petitioned for enforcement of the child support order and a calculation of arrearages. On September 7, 1995, the father petitioned for a modification of the visitation provisions. The petitions were consolidated. Following a hearing on February 8, 1996, the court ordered:
 "1. Current child support is modified pursuant to Rule 32, [Ala. R. Jud. Admin.] Child Support guidelines to the amount of $274.00 per month to begin March 1, 1996. . . . [T]he award of child support made herein was determined by . . . Rule 32, A.R.J.A. A copy of the guideline form had been filed herein and is made a part of the record in this cause.
 "2. The mother will maintain health insurance on the minor child as set out in the original decree of divorce and the parties will be responsible for any uncovered medical expenses based on the present percentage as set forth in the Rule 32 guidelines at the rate of forty-five (45%) percent to the father and fifty-five (55%) to the mother.
 "3. A judgment is entered in favor of the mother against the father for child support arrears in the amount of $890.20 established through February 1996. The father is to purge himself of the child support arrears by paying the sum of $26.00 per month.
 "4. Judgment is entered against the father in the amount of $980.00 for past due medical bills that is owed directly to the medical providers and judgment is entered against the father in the amount of $30.00 for past medical expenses paid by the mother.
". . . .
 "8. The father is awarded visitation with the minor child in the summer for a period of six (6) weeks to begin on June 15th. . . . During the term of summer visitation, child support for the month of June will be $205.50 and for the month of July $137.00 which represents an abatement of one-half the support due based on the visitation awarded. The father shall continue *Page 38 
to pay the sum of $26.00 per month to purge himself of arrears."
On May 7, 1996, the father again petitioned for a modification, arguing that a material change in circumstances had occurred, in that he had been fired from his job. On August 1, 1996, the father requested that his petition be dismissed; the court granted the motion.
On March 4, 1997, the State petitioned the court to hold the father in contempt for his nonpayment of child support, alleging that as of February 1997 the father was $3,344.20 in arrears. Following a hearing on April 10, 1997, the court entered an order reducing the father's payments to $216 per month and finding the father's total arrearage to be $3,472.20, plus accrued interest in the amount of $295.63. The court also found that the father owed $1,010 in medical expenses, plus accrued interest in the amount of $131.30. On May 7, 1997, the court amended its order, finding that $274 per month was "a reasonable amount of support for the [father] to pay," and it also ordered the father to pay $26 per month toward the arrearage.
On August 19, 1997, the State filed another contempt petition, alleging an arrearage of $4,094.20, with accrued interest in the amount of $573.74, and unpaid medical expenses totalling $1,010. On October 10, 1997, the father moved for relief from the judgment, pursuant to Rule 60(b), Ala. R. Civ. P., arguing that "his lack of representation and the change of income over which he had no control are sufficient justifying facts to warrant relief from the [August 1, 1996,] judgment pursuant to Rule 60(b)(6)." On November 7, 1997, the court granted the father's motion, and set aside its August 1, 1996, order dismissing the father's petition for modification. The court also set aside all orders subsequent to August 1, 1996. Thereafter, a hearing was held, and on January 23, 1998, the court ordered the father to pay $147 per month in child support and found his arrearage to be $3,200.20, with $460.90 in accrued interest. The State appeals.
The granting of a Rule 60(b) motion is an extreme remedy to be used only in extraordinary circumstances. Morgan v. Estate ofMorgan, 688 So.2d 862 (Ala.Civ.App. 1997). The trial court has broad discretion in determining whether to grant or to deny a Rule 60(b) motion, and we will look to the grounds presented and the matters presented in support of the motion to determine if there was an abuse of that discretion. Morgan, supra, at 864. Further, the broad power granted by Rule 60(b) cannot be used to relieve a party from free, deliberate, and calculated choices.McDaniel v. McDaniel, 694 So.2d 34 (Ala.Civ.App. 1997).
The State argues that the trial court erred in granting the father's Rule 60(b) motion and recalculating the arrearage and interest due. We agree.
The father's Rule 60(b) motion asks for relief from the judgment because, he says, he was not represented by counsel. The record shows that the father voluntarily moved for the dismissal of his modification petition. Although the trial court did not indicate which one of the grounds in the father's motion it found persuasive, we note that lack of counsel is not a valid grounds for setting aside a judgment under Rule 60(b). Porter v. MobilePulley Machine Works, 507 So.2d 529, 530 (Ala.Civ.App. 1987). The father is now attempting to use Rule 60(b) to avoid the effect of his own decision to dismiss his petition. "A party remains under a duty to take the legal steps necessary to protect [his] own interests." McDaniel, supra, at 36. The father may be entitled to a modification; however, he must file a new petition instead of seeking through a Rule 60(b) motion to revive his previously dismissed petition.
The judgment of the trial court is reversed and the case is remanded for the trial court to hold a hearing to determine, pursuant to the child support guidelines, the father's child support obligations and to calculate the arrearage.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur. *Page 39