I agree with the majority that the trial court exceeded its authority in extending the time for the husband to file a motion for a new trial or a motion to alter, amend, or vacate the judgment under Rule 59, Ala.R.Civ.P. I agree that the wife is entitled to mandamus relief in the form of ordering the trial court to vacate its order and to dismiss as untimely that portion of the husband's postjudgment motion seeking relief under Rule 59. I also agree that the wife has not shown that she is entitled to a writ of mandamus on the grounds that the husband's Rule 60(b)(2), Ala.R.Civ.P., motion alleging newly discovered evidence was untimely. However, even if his motion had not been timely, the husband is not entitled to relief pursuant to Rule 60(b)(2).
 "Rule 60(b)(2) allows a trial court to relieve a party from a final judgment, order, or proceeding if that party has newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). `"Newly discovered evidence" *Page 264 
as contemplated by Rule 60(b)(2) means evidence in existence at the time of trial of which the movant was unaware, and which could not through due diligence have been discovered in time to move for a new trial . . . .' McLeod v. McLeod, 473 So.2d 1097, 1099
(Ala.Civ.App. 1985)."
Johnson v. Johnson, 702 So.2d 161, 162 (Ala.Civ.App. 1997).
The final hearing in this matter was held on December 4, 2001. The final judgment was entered on April 29, 2002. In his motion seeking relief from judgment, the husband stated:
 "There now exists new evidence regarding the defendant's income which was not available at the final hearing and could not have been reasonably discovered by him. The judgment rendered . . . included an order for the defendant to pay child support . . . Said child support was calculated according to the Child Support Guidelines of the Alabama Rules of Judicial Administration, and included the defendant's income figures and consisted of his regular salary and overtime compensation paid during the calendar year 2001. After final hearing was held the defendant learned from his employer that overtime would not be available for calender year 2002. This newly discovered evidence as applied to child support calculations would require a different result in the calculation thereof."
Facts coming into existence after the trial do not constitute newly discovered evidence. The change in the father's income for the 2002 calendar year is "new evidence" — not "newly discovered evidence". While the father may be entitled to a modification of his child-support obligation if he can prove a material change in circumstances based on the loss of his overtime compensation, he is not entitled to relief pursuant to Rule 60(b)(2).
Thompson, J., concurs.