[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1242 
Wal-Mart Stores, Inc. ("the employer"), appeals from an order of the Houston Circuit Court granting a motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., by Susan Pitts ("the employee") seeking relief from a judgment determining the employee's rights to various medical benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"). Because we conclude that the trial court erred in granting the employee's Rule 60(b) motion, we reverse that court's order and remand the cause for the entry of an order denying that motion.
The employee sued the employer in 1993 seeking workers' compensation benefits for a back injury the employee suffered in 1989. In 1994, the parties entered into a settlement agreement under which the employee's right to receive future medical benefits was left open. In February 2002, the employer petitioned the trial court for a compensability determination as to the employee's continued medical treatment for various infirmities, including, among other things, peripheral neuropathy[1] in her lower extremities, pulmonary problems requiring the use of a blood-thinning medication, and the development of a toenail fungus on her left foot. In response to the employer's petition, the trial court appointed an orthopedic surgeon, Dr. C.J. Talbert, to perform an independent medical evaluation of the employee. After examining the employee and reviewing her medical records, Dr. Talbert opined that the employee's neuropathy and toenail fungus were not causally related to her back injury. However, Dr. Talbert declined to express an opinion regarding the employee's pulmonary problems and the use of the blood-thinning medication as part of the employee's *Page 1243 
treatment. Instead, Dr. Talbert deferred that assessment to a pulmonologist.
In August 2002, the employer requested that the trial court determine that the employee's claims for medical treatment regarding her neuropathy and toenail fungus were not causally related to her job-related back injury and that the employer was, therefore, not responsible for providing medical treatment as to those conditions. The employer also requested that the trial court appoint a pulmonologist to review whether the cost of the blood-thinning medication that had been prescribed for the treatment of the employee's pulmonary problems was compensable under the Act. The pulmonologist appointed by the trial court subsequently opined that the employee's continued use of a blood-thinning medication was causally related to the employee's having developed a blood clot during back surgery.
On January 10, 2003, the employee was hospitalized for recurring infections in her left leg and she subsequently underwent an amputation of her lower left leg. On January 31, 2003, during the employee's hospitalization,[2] the employee's counsel advised the employee by letter of his intent to withdraw as her counsel; he also filed a motion to withdraw on that date.
On February 27, 2003, after the trial court had granted the motion to withdraw filed by the employee's counsel, the trial court issued an order providing the employee 45 days within which to secure new counsel and "prosecute the case." However, on March 4, 2003, the trial court entered an order finding that the employer was responsible for providing the employee with the prescribed blood-thinning medication but that it was not responsible for the treatment for the employee's neuropathy in her lower extremities or the toenail fungus on her left foot because those ailments were not causally related to the employee's on-the-job back injury.
On June 16, 2003, more than 90 days after the trial court's judgment, the employee, appearing pro se, filed a motion to set aside the trial court's judgment; the employee styled her motion as having been filed pursuant to Rule 60, Ala. R. Civ. P. The employee requested that the trial court amend its judgment to state that the employee's neuropathy in her lower extremities and the toenail fungus in her left foot were causally related to her work-related back injury. In support of her motion, the employee attached correspondence from three treating physicians, certain medical-record notes, and other portions of her medical records. After a hearing,[3] the trial court made the following notation on the case action summary sheet on September 2, 2003:
 "[The employee's] Motion to Set Aside Judgment is granted. Judgment for [the employee]. [The employer] is ordered to pay for the medical services rendered on behalf of [the employee]. Bills have been submitted by [the employee] are in the court file."
On October 14, 2003, the employer sought review of the trial court's order granting the employee's Rule 60(b) motion by simultaneously filing a petition for a writ of mandamus in this court and a notice of appeal in the trial court. This court later ruled that an appeal, rather than a petition for a writ of mandamus, was the appropriate mechanism for seeking review in this case. *Page 1244 
The sole issue presented for our review is whether the trial court erred in granting the employee's motion for relief from the judgment. The employee contends that this court does not have jurisdiction to hear this appeal because, she says, the trial court's September 2, 2003, order is not a final judgment. That argument lacks merit.
"The grant of a Rule 60(b) motion is generally treated as interlocutory and not appealable." Ex parte Short,434 So.2d 728, 730 (Ala. 1983). However, the rule barring appellate review of an order granting Rule 60(b) relief is not absolute; where such an order bears sufficient indicia of finality to warrant a conclusion that it constitutes a "final judgment," pursuant to §12-22-2, Ala. Code 1975, it is appealable. E.g., Littlefield v.Cupps, 371 So.2d 51, 52 (Ala.Civ.App. 1979) (order granting relief from void judgment under Rule 60(b)(4) for want of jurisdiction finally disposed of case and was immediately appealable); and Sanders v. Blue Cross-Blue Shield of Alabama,Inc., 368 So.2d 8, 9 (Ala. 1979) (order granting Rule 60(b) motion so as to allow a second action to be filed on movant's contract claims was appealable).
In this case, because the issue of future medical benefits was left open by the parties in their 1994 settlement agreement, the trial court retained jurisdiction over any controversy that might arise between the parties as to the employee's medical care. On March 4, 2003, the trial court entered a judgment that ordered the employer to pay for some, but not all, of the medical services that had been performed on the employee. However, on September 2, 2003, the trial court, in granting the employee's Rule 60(b) motion, not only vacated its previous judgment but also entered a new judgment that directed the employer to provide medical benefits as to all three conditions drawn into controversy by the parties. Because the trial court's September 2003 order conclusively adjudicated the entire dispute between the parties as to the payment of medical services, no further action was left to be taken by that court. Therefore, the trial court's ruling on the employee's Rule 60(b) motion in this case constitutes a final judgment so as to support appellate review.
Although the employee cited Rule 60 in her motion to set aside the judgment, she alleged only that evidence that she had obtained after the judgment warranted a different conclusion from the trial court's judgment as to compensability. The employee's motion alleged no ground that might be cognizable under Rule 60(b) other than "newly discovered evidence." The employee's motion stated, as follows:
 "Comes now the [employee] in the above-styled cause and moves this Honorable Court to set aside the ruling in paragraph ten of this Court's Order of March [4], 2003, [which] determined that the [employee's] neuropathic problems in her lower extremities and toenail fungus are not medically causally related to her on-the-job back injury. The [employee] specifically requests this Honorable Court to reconsider its finding based on the following medical information:
 "1) The March 5, 2003, dated correspondence from Dr. Chitwood's office, along with his medical records attached hereto dated February 24, 2003 and March 5, 2003.
"2) Dr. Marzella's letter of April 11, 2003.
 "3) Dr. Maddox's letter of April 17, 2003 and medical notes of April 2, 2003.
 "WHEREFORE, the [employee] requests this Honorable Court to set aside *Page 1245 
its determination that the [employee's] neuropathic problems in her lower extremities and toenail fungus are not medically causally related to her on-the-job back injury, and to specifically determine that her neuropathic problems in [her] lower extremities and toenail fungus are medically causally related to her on-the-job back injury."
Our standard of review in cases involving a Rule 60(b) motion for relief from a judgment is well-settled:
 "The granting of a Rule 60(b) motion is an extreme remedy to be used only in extraordinary circumstances. Morgan v. Estate of Morgan, 688 So.2d 862 (Ala.Civ.App. 1997). The trial court has broad discretion in determining whether to grant or to deny a Rule 60(b) motion, and we will look to the grounds presented and the matters presented in support of the motion to determine if there was an abuse of that discretion. Morgan, supra, at 864. Further, the broad power granted by Rule 60(b) cannot be used to relieve a party from free, deliberate, and calculated choices. McDaniel v. McDaniel, 694 So.2d 34 (Ala.Civ.App. 1997)."
State ex rel. Croson v. Croson, 724 So.2d 36, 38 (Ala.Civ.App. 1998).
In other words, despite the general discretion vested in trial courts to grant or deny relief from a judgment, a Rule 60(b) motion "is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal." Morgan v. Estate of Morgan, 688 So.2d 862, 864
(Ala.Civ.App. 1997); see also McLeod v. McLeod, 473 So.2d 1097,1098 (Ala.Civ.App. 1985); and Wright v. Wright, 628 So.2d 915,916 (Ala.Civ.App. 1993).
The employee asserts on appeal that she adduced "newly discovered" evidence, which is cognizable as a ground for relief under subsection (2) of Rule 60(b), Ala. R. Civ. P., and that that evidence warranted the trial court's granting of her motion for relief from the March 4, 2003, judgment. However, our review of the record reveals that the employee's reliance on that ground as a basis for her motion is misplaced.
Rule 60(b)(2), Ala. R. Civ. P., authorizes relief from a final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial. . . ." Of course, the record reveals that the employee had been hospitalized and had undergone major surgery at the time she received notice from her counsel advising her of his intent to withdraw from her case. However, even if the employee's hospitalization might warrant a lenient application of the "due diligence" standard of Rule 60(b)(2), Ala. R. Civ. P., that rule nonetheless applies only to newly discovered evidence, not tonew evidence. "There can be no Rule 60(b)(2) relief for evidence which has come into existence after the trial is over simply because such a procedure would allow all trials perpetual life. `Newly discovered evidence' means evidence in existence at the time of trial of which the movant was unaware." Moody v.State ex rel. Payne, 344 So.2d 160, 163 (Ala. 1977); see alsoGallups v. United States Steel Corp., 353 So.2d 1169, 1172
(Ala.Civ.App. 1978).
The record indicates that the employee submitted new evidence in support of her Rule 60(b) motion, not newly discovered evidence. Although the employee attached correspondence and medical-record notes from three treating physicians to her motion, the correspondence (which was dated March 5, 2003; April 11, 2003; and April 17, 2003), while addressing causation, was sent and received after the entry of the trial court's judgment of *Page 1246 
March 4, 2003; thus, that evidence was not in existence at the time of the March 4, 2003, judgment. In addition, the record reveals that only two of the four medical-record notes that the employee attached to her Rule 60(b) motion were created before the entry of the judgment,[4] and neither of those earlier notes substantively addressed the issues upon which the trial court had ruled against the employee, i.e., whether the employee's toenail fungus and neuropathy were causally related to her previous work-related back injury. As was held in Moody,supra, such materials that come into existence after a judgment has been entered may not properly be classified as "newly discovered evidence" warranting relief from a judgment. Therefore, we conclude that the evidence submitted in support of the employee's Rule 60(b) motion constituted "new evidence" and, thus, cannot sustain the trial court's grant of relief.
The employee also asserts on appeal that the trial court's order granting her motion for relief from the judgment was correct because, she argues, the March 4, 2003 judgment was based upon a "mutual mistake of fact." Before addressing the employee's contention, we note that the employee cites both subsections (1) and (6) of Rule 60(b) as grounds for her argument.
In R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala. 1994), our Supreme Court stated:
 "The `catch all' provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for `any other reason justifying relief.' Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala. 1990). `"Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice."' Chambers County Comm'rs v. Walker, 459 So.2d 861, 866 (Ala. 1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5). See, e.g., Insurance Management Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209 (Ala. 1991); Barnett, 559 So.2d at 1084; Smith v. Clark, 468 So.2d 138, 140 (Ala. 1985); Chambers County Comm'rs v. Walker, 459 So.2d 861 (Ala. 1984); Ex parte Hartford Ins. Co., 394 So.2d 933, 935-36 (Ala. 1981); Rebel Oil Co. v. Pike, 473 So.2d 529
(Ala.Civ.App. 1985); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900, 902 (Ala.Civ.App. 1979)."
641 So.2d at 229.
In other words, because the employee contends that her motion sought relief based upon a mutual mistake of fact, relief was available under subsection (1) of Rule 60(b), which provides that a motion for a relief from a judgment may be granted for "mistake, inadvertence, surprise, or excusable neglect." Therefore, she is precluded from seeking relief under subsection (6) of Rule 60(b) on the basis of a mutual mistake of fact.Grills, supra; Chambers County Comm'rs v. Walker,459 So.2d 861, 865 (Ala. 1984). Rule 60(b)(6) cannot be used by a party to obtain relief from the "`free, calculated, and deliberate choices he [or she] has made. A party remains under a duty to take legal steps to protect his [or her] own interest.'" *Page 1247 Chambers County Comm'rs, 459 So.2d at 866 (quoting 11 Charles A. Wright, Arthur R. Miller Mary Kane, Federal Practice Procedure § 2864 at 214-15 (1973)). We, therefore, limit our analysis of the employee's argument to whether subsection (1) of Rule 60(b) would support the trial court's ruling.
The employee contends that the trial court properly granted her motion for relief from the judgment because, she argues, the trial court's March 4, 2003, judgment was based upon a "mutual mistake of fact." In support of her argument, the employee asserts that the March 4, 2003, judgment was based upon an "incomplete" and "deficient" independent medical examination that did not "fully address" the causal relationship between the employee's on-the-job back injury and her neuropathy and toenail fungus.
Our review of the record indicates that Dr. Talbert, who conducted the employee's independent medical examination, based his opinion upon his own personal examination of the employee, a review of the histories of the employee's medical conditions and treatments, and a review of the employee's pertinent medical records. Although the employee asserts that Dr. Talbert's opinion was not based upon a "reasonable degree of certainty," the record reveals that the trial court, who reviewed Dr. Talbert's findings in detail, determined that Dr. Talbert's findings were persuasive. Indeed, the trial court stated in its March 4, 2003, judgment, that "[t]he court finds that Dr. Talbert's independent expert opinion on this [causation] issue is compelling."
Although the employee does cite caselaw in support of her contention that the trial court made a "mistake of fact" in issuing its March 4, 2003, judgment, those cases are not analogous. Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797
(Ala.Civ.App. 1982), Sager v. Royce Kershaw Co., 359 So.2d 398
(Ala.Civ.App. 1978), and Louisville Nashville R.R. v.Solchenberger, 270 Ala. 536, 120 So.2d 704 (1960), which were cited by the employee address "mistakes of fact" made by a party or parties in entering into settlement agreements. The employee has failed to cite to this court any supporting authority in which an appellate court has ruled that a trial court's judgment, rendered under circumstances similar to those in this case, constituted a "mistake" of fact within the meaning of Rule 60(b)(1) so as to warrant relief under that rule. Accordingly, we conclude that the employee's motion for relief from the judgment is not warranted under that subsection of Rule 60(b).
The employee has failed to meet her burden of alleging and proving one or more of the grounds set forth in Rule 60(b), Ala. R. Civ. P., in order to warrant relief under that rule. See Exparte Baker, 459 So.2d 873, 876 (Ala. 1984). Therefore, we are compelled to conclude that the trial court abused its discretion in granting the employee's Rule 60(b) motion for relief from judgment. The trial court's order granting the employee's motion for relief from the March 4, 2003, judgment under Rule 60(b) is therefore reversed, and the cause is remanded for the trial court to enter an order denying that motion and reinstating the trial court's March 4, 2003, judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result, without writing.
[1] The term "neuropathy" is defined as "a disease involving the cranial nerves or the peripheral or autonomic nervous system." Stedman's Medical Dictionary 1211 (27th ed. 2000).
[2] The record reveals that the employee was hospitalized from January 10, 2003, to February 5, 2003.
[3] No transcript of that proceeding has been made a part of the record on appeal.
[4] The employee stated in her Rule 60(b) motion that she was attaching three medical-record notes to her motion — one dated February 24, 2003, one dated March 5, 2003, and one dated April 2, 2003; however, the record reveals that the employee attached an additional medical-record note dated August 13, 2002. *Page 1248