These two cases have been consolidated on appeal. They involve two separate causes of action for trespass. In the first action, the plaintiff, Logan Combs, is appealing from the denial of a Rule 60(b) A.R.Civ.P., motion for relief from a judgment. The appeal in the second action is from a judgment of dismissal entered in favor of the defendant, Alabama Gas Corporation. We affirm.
In the first trespass action, Combs filed a complaint on September 22, 1987, against Alabama Gas Corporation. Specifically, Combs claimed that Alabama Gas had installed a gas pipeline across his property without his consent.
Combs's counsel withdrew on September 6, 1988, at the request of Combs. Because he was unable to retain other counsel, Combs represented himself during the rest of the proceedings.
On the date scheduled for trial, February 27, 1989, Combs appeared in court and asked for a continuance. The case was then set for trial on August 7, 1989. Combs failed to appear at the trial on August 7, 1989, and Alabama Gas Corporation moved to dismiss the action under Rule 41(b), A.R.Civ.P. The trial court granted the motion on the basis that Combs had failed to diligently prosecute the case.
On September 18, 1989, Combs filed a motion that, although not specifically so styled, was, in effect, a Rule 60(b) motion for relief from the Rule 41(b) dismissal. The trial court denied that motion on September 29, 1989.
On November 15, 1989, Combs filed a notice of appeal with this Court from the denial of the Rule 60(b) motion. That notice of appeal was filed 47 days after the September 29, 1989, order denying the motion. On January 8, 1990, Combs was notified by this Court that his appeal was untimely, and the appeal was subsequently dismissed.
Before that untimely appeal was dismissed, Combs filed on December 14, 1989, a second motion for relief from the judgment specifically citing Rule 60(b)(6). In this motion, Combs requested that the trial court set aside the August 7, 1989, judgment of dismissal. On January 2, 1990, the trial court denied the motion. On April 3, 1990, Combs filed a motion demanding a ruling on the December 14, 1989, Rule 60(b)(6) motion. On April 20, 1990, the trial court informed Combs that a ruling had been made on that motion on January 2, 1990.
On May 10, 1990, Combs filed a third Rule 60(b)(6) motion for relief and requested a hearing in open court. The hearing was held on August 29, 1990. The trial court heard testimony on the Rule 60(b)(6) motion and subsequently denied the motion on September 6, 1990. On September 19, 1990, Combs filed a notice of appeal to this Court. This is the appeal from the Rule 60(b)(6) motion that is now before us (case 89-1843).
Pending the disposition of the first action, Combs filed a second complaint on May 1, 1990, in the circuit court. In that second complaint, Combs alleged that Alabama Gas Corporation had abandoned the gas pipeline on his property and that that abandonment was a separate trespass. On May 17, 1990, Alabama Gas Corporation filed an answer stating that Combs had failed to state a claim on which relief could be granted and filed a motion to dismiss the action. Alabama Gas Corporation also stated in its answer that Combs's claim was barred by res judicata, contending that his complaint was based on the same cause of action as the complaint that had been dismissed on August 7, 1989.
At the August 29, 1990, hearing on the third Rule 60(b) motion that was filed in the first action, the court also heard evidence on the motion to dismiss filed by Alabama Gas Corporation in the second action. Combs filed a motion for a summary judgment on August 31, 1990, which was later denied. The trial court dismissed the second trespass action on October 3, 1990. Then, on November 19, 1990, Combs *Page 1271 
appealed to this Court from the October 3, 1990, order dismissing the second trespass action.
On November 20, 1990, Combs filed a motion for an extension of time to file a notice of an appeal, pursuant to Rule 77(d), A.R.Civ.P. The trial court granted the motion, finding that there was a showing of excusable neglect by Combs that has caused his late filing.
First, we will discuss the appeal from the denial of the Rule 60(b)(6) motion in the first trespass action, which was filed September 22, 1987. Then, we will consider whether the motion to dismiss the second trespass action, filed May 1, 1990, was properly granted.
The Rule 60(b)(6) motion in the first action sought to have the trial court set aside an order dismissing the action for lack of prosecution. Combs contends that the trial court should not have dismissed the action because of his failure to appear at the trial on August 7, 1989.
An order denying a motion for relief from judgment is an appealable order, but presents for review only the correctness of the trial court's order on the motion. Alabama Farm BureauMutual Casualty Ins. Co. v. Boswell, 430 So.2d 426 (Ala. 1983). The grant or denial of Rule 60(b)(6) relief is discretionary, and the ruling of the trial court will be reversed only if there is an abuse of that discretion. Textron, Inc. v.Whitfield, 380 So.2d 259 (Ala. 1979). In Smith v. Clark,468 So.2d 138, 140 (Ala. 1985), this Court stated that "Rule 60(b)(6) is reserved for 'extraordinary circumstances,' and is available only in cases of 'extreme hardship or injustice,' or when the case involves 'aggravating circumstances.' " (Citations omitted.)
Combs had failed to appear in court on the date of trial. Although he was representing himself, he was bound by the order to attend the trial docket on August 7, 1989, at 9:00 a.m. Alabama Gas Corporation moved to dismiss for Combs's failure to diligently prosecute the case. The trial court waited until 12:00 p.m. to see if Combs would appear or at least notify the court. When Combs had failed to notify the court by 12:00 p.m., the court granted the motion to dismiss the action. We find that the trial court did not abuse its discretion in denying the third Rule 60(b) motion for relief from the judgment of dismissal in the first trespass action.
Because Combs must necessarily lose on the merits of that third Rule 60(b) motion, we need not discuss the question whether that third motion was properly before the trial court. It is not necessary to decide in this case whether the filing of that motion was procedurally barred by the fact that he had not timely appealed as to the ruling on his first Rule 60(b) motion and had not appealed at all from the ruling on the second such motion.
The second issue in these consolidated appeals is whether the May 1, 1990, trespass action was properly dismissed. Combs claims that on April 26, 1988, Alabama Gas Corporation abandoned the gas pipeline on his property. While his argument is not a model of clarity, Combs seems to contend that the abandonment was a separate trespass upon his property or in the alternative that because the gas pipeline remained on his property, it was a continuous trespass.
As to Combs's first contention, we conclude that the abandonment of the gas pipeline was not a separate trespass upon his property. Combs's first trespass complaint, dated September 22, 1987, alleged that the installation of the pipeline was a trespass. Alabama Gas Corporation's later abandonment of that same pipeline did not give rise to a separate trespass cause of action. The abandonment of the pipeline was a part of the same alleged trespass that originally interfered with his possession of his property.
Combs's second contention is that the abandonment of the pipeline was a continuous trespass. The abandonment was not a separate cause of action, but was a part of the original trespass. The date set for trial of the action based on the alleged trespass — which included any aspects of the subsequent abandonment — was August *Page 1272 
7, 1989. The trespass action, which, again, we note, would have included the abandonment, was determined upon the merits on August 7, 1989, under Rule 41(b), A.R.Civ.P. The principle of res judicata applies to this case, estopping Combs from asserting a separate cause of action for abandonment. SeeMcGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976).
We affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.