This case is before us for the second time. The first appeal,Wilson v. Dukona Corp., N.V., 547 So.2d 70 (Ala. 1989), recites the facts of the case:
 "Partlow and Imogene Wilson own approximately 463 acres of land in Jackson County. They sold the timber on a portion of that land to Parks Log Company, Inc. ("Parks"). Parks hired Howard Cox to cut and remove the timber. Cox, at Mr. Wilson's direction, began to cut timber on adjoining land owned by the plaintiffs who, shortly thereafter, filed suit against the Wilsons, Parks, and Cox, seeking an injunction to stop the cutting on their land. They also sought damages from the defendants pursuant to Alabama Code 1975, § 35-14-1, as well as compensatory and punitive damages from the Wilsons, for trespass and conversion. The trial court issued the injunction. Parks and Cox filed a crossclaim against the Wilsons, alleging that the Wilsons were liable to them to the extent that they (Parks and Cox) were liable to the plaintiffs, and for attorney fees and other costs. Parks and Cox also sought damages from the Wilsons for breach of contract and fraud. The Wilsons defended the claims against them on the ground that they had acquired title to the land in question by adverse possession. The case was tried to a jury on the plaintiff's claims for damages and on the Wilsons' claim of title by adverse possession. The jury returned a verdict for the plaintiffs."
547 So.2d at 71. Partlow and Imogene Wilson then appealed from this judgment which awarded the plaintiffs — W.S. Green, Jimmy W. Cochran, Mary F. Cochran, John M. Johns, and the Dukona Corporation, N.V. — $20,127.60 in compensatory damages and $21,450 in punitive damages for the wrongful cutting of timber. The Wilsons appealed on the grounds that the punitive and compensatory damages found by the jury were excessive. This Court found the punitive damages to be excessive and affirmed the trial court, conditioned upon the plaintiffs' entering a remittitur in the amount of $21,450.
Prior to the submission of Wilson v. Dukona Corp. N.V. to the jury, the Wilsons entered into a settlement agreement with the Parks Log Company, Inc., and Howard Cox:
 "The settlement called for a judgment to be entered in favor of Parks and Cox against the Wilsons in the amount of any judgment entered in favor of the plaintiffs against Parks and Cox. In addition, the Wilsons agreed to pay $36,951.39 to Parks within 30 days of the settlement and to pay $4,048.61 to Cox, also within 30 days. The agreement further provided that in the event the Wilsons failed to make these payments within the time specified, a judgment would be entered against them accordingly. The Wilsons subsequently failed to make the payments and a $41,000 judgment was entered against them pursuant to the terms of the settlement."
Id. at 71, n. 1. The judgment was entered against the Wilsons on January 12, 1987. On May 22, 1989, almost two and one-half years later, the Wilsons filed a Rule 60(b)(6), A.R.Civ.P., motion for relief from judgment. The Wilsons contend that during *Page 725 
the trial Cox and a representative of Parks testified that they had cut approximately $20,548 worth of timber, which should have left $30,000 worth of timber to be cut, making the $41,000 payment required by the settlement possible. However, the hardwood remaining to be cut was actually worth only $10,000.
The trial court held a hearing on the motion. Billy Matthews, a forester, testified as to how much timber had been cut from the Wilsons' property. Partlow Wilson testified that he had relied upon the testimony of Cox and of the representative of Parks at the original trial when he agreed to the settlement. On March 17, 1991, the trial court denied the Wilsons' Rule 60(b)(6) motion. The Wilsons appeal.
Rule 60(b), A.R.Civ.P., provides as follows:
 "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order or proceeding was entered or taken."
This Court has said that a strong presumption of correctness attaches to the trial court's ruling on a Rule 60(b) motion and that the decision whether to grant such a motion is within the sound discretion of the trial court. Ex parte Dowling,477 So.2d 400, 402 (Ala. 1985). The standard of review is whether the trial court abused its discretion. Chambers County Comm'rsv. Walker, 459 So.2d 861 (Ala. 1984).
 "We will not disturb the decision of the trial court on a 60(b) motion, however, unless we find one of the following: An absence of reasonable cause; that the rights of others subsequently arising would be adversely affected; or that the trial court's decision is unjust. Textron, Inc. v. Whitfield, 380 So.2d 259, 260 (Ala. 1979), citing Nunn v. Stone, 356 So.2d 1212
(Ala.Civ.App. 1978)."
Reese v. Robinson, 523 So.2d 398, 400 (Ala. 1988).
We have carefully examined the record in this case and find no abuse of discretion by the trial court. We affirm the decision of the trial court on the authority of Rule 60(b), A.R.Civ.P., and Alabama Farm Bureau Mutual Casualty Ins. Co. v.Boswell, 430 So.2d 426 (Ala. 1983); Textron, Inc. v. Whitfield,380 So.2d 259 (Ala. 1979); Smith v. Clark, 468 So.2d 138, 140
(Ala. 1985); and Combs v. Alabama Gas Corp., 577 So.2d 1269,1271 (Ala. 1991).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.