THIGPEN, Judge,
concurring specially.
I concur with the result of the opinion as written that the judgment of the trial court is due to be affirmed; however, I would affirm for other additional reasons.
The husband’s first post-judgment motion, although styled “Rule 59 Motion,” sought relief from the judgment, alleging, inter alia, “newly discovered proof” and “misrepresentation.” The record reflects that following a hearing on that motion, the relief sought by the husband was partially granted. The husband’s second post-judgment motion, with its supporting affidavit, sought relief similar to the first post-judgment motion. The allegations included mistake and inequity in the divorce judgment and the subsequent post-judgment order. The trial court’s order denying that *1316 motion referred to that motion as “a second Motion for a New Trial.” While the husband’s second motion, if truly a motion pursuant to Rule 59, A.R.Civ.P., could properly be denied as untimely, the trial court’s order does not specify untimeliness as its reason for denial.
The label or designation placed on a motion is of little importance since the nomenclature is not controlling. Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App.1985); Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981). Looking to the contents of the husband’s motions, particularly the type of relief sought, both of the husband’s motions are more accurately post-judgment motions for relief from the judgment pursuant to Rule 60, A.R.Civ.P. The trial court could have reasonably found from the language contained within the motions that either or both motions were requests for relief pursuant to Rule 60, A.R.Civ.P., and that they were timely filed. The trial court’s denial, therefore, may have been for other reasons.
When reviewing the denial of a Rule 60 motion, we do not review the underlying judgment; instead, we review whether the trial court abused its discretion in denying the motion. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985); Smith v. Clark, 468 So.2d 138 (Ala.1985). A strong presumption of correctness attaches to a trial court’s ruling on such a motion. Wilson v. Cox, 589 So.2d 723 (Ala.1991). This court is further limited to a review of the grounds for which the relief is sought and the matters presented in support thereof. Turner v. Turner, 462 So.2d 734 (Ala.Civ.App.1984).
It is noteworthy that following a hearing on the husband’s first post-judgment motion, the trial court partially granted the husband’s requested relief. The second, similar motion appears to be merely a more detailed request to reconsider some of the requests of the first motion that were denied. Denial of a post-judgment motion is reviewable by appeal and a motion to reconsider that denial is not a substitute for appeal. The rules “do not authorize a mov-ant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion.” Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985); see also Leonard v. Leonard, 560 So.2d 1080 (Ala.Civ.App.1990). Therefore, even if the second motion was a timely post-judgment motion, denial on this basis would be proper. Although the trial court’s order references the second motion as one pursuant to Rule 59, such a reference is not error warranting reversal. A correct judgment will be affirmed if it is proper on any legal basis, even if the trial court gives a wrong reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990); Tucker v. Nichols, 431 So.2d 1263 (Ala.1983). Careful review of the trial court’s decisions on the husband’s motions discloses no abuse of discretion and requires affirmance.
YATES, J., concurs.