MURDOCK, Justice.
 

 Washington Mutual Bank, F.A. (“WMB”), appeals from an order of the Etowah Circuit Court granting Randall R. Campbell’s “motion for clarification” of the circuit court’s judgment of October 13, 2004, purportedly filed pursuant to Rule 60(b)(6), Ala. R. Civ. P. We reverse.
 

 I. Facts and Procedural History
 

 On February 27, 2002, Campbell purchased a house in Etowah County, procuring a loan for the purchase through Citizens Bank in Elizabethtown, Tennessee. As a requirement for closing, Campbell had to obtain hazard insurance on the property, had to designate Citizens Bank as the co-beneficiary of the insurance, and had to prepay 11 months of insurance premiums into an escrow account held by Citizens Bank. Following the closing on the property, Citizens Bank assigned the loan and all the rights and obligations thereto to WMB.
 

 In the circuit court, Campbell alleged that he paid the proper amount at closing for escrow on the hazard insurance and that he subsequently paid each monthly installment of principal and interest on the loan and the amount required to be placed in escrow for the hazard insurance on the
 
 *437
 
 property. Campbell alleged that despite the fact that he paid the proper amount each month, WMB failed to pay the premiums on the hazard insurance. As a result, the hazard-insurance policy was canceled and, according to Campbell, WMB force-placed new hazard-insurance coverage on the property; the monthly premium for the new coverage was dramatically higher. Thereafter, WMB demanded a sharply increased monthly payment, which included an amount to cover the new insurance premiums and which Campbell allegedly paid in a timely fashion. According to Campbell, at some time WMB stopped accepting his payments, and it notified him of its intent to foreclose on the mortgage.
 

 Through its answer, WMB admitted that it force-placed new hazard-insurance coverage on the property, but it denied that it was at fault for the cancellation of the original policy. WMB stated that after the new insurance was in place and Campbell’s monthly mortgage payment had increased, Campbell paid only the original amount called for in the mortgage note, not the increased payment or any amount toward the escrow reserve established for the insurance. WMB alleges that between April and September 2003 it sent Campbell numerous foreclosure notices, detailing the actions Campbell needed to take to avoid foreclosure on his property. WMB says that despite his financial ability to pay, Campbell steadfastly refused to pay the amounts required to keep the loan and the insurance current. Accordingly, on April 20, 2004, WMB foreclosed on Campbell’s mortgage. WMB claimed that from that time forward, Campbell stopped making payments of any kind to WMB.
 

 After the foreclosure, Campbell refused to leave the premises. Subsequently, Federal National Mortgage Association, commonly referred to as “Fannie Mae,”
 
 [1]
 
 filed an ejectment action in the Etowah Circuit Court against Campbell, which was subsequently dismissed.
 

 On August 6, 2004, Campbell filed an action against WMB in the United States District Court for the Northern District of Alabama, alleging claims of breach of contract, negligence and/or wantonness, fraud, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and equitable relief stemming from the cancellation of the original hazard-insurance policy, the force-placing of new insurance, and the subsequent foreclosure on his property (“the federal action”). On August 10, 2004, Campbell filed an action in the Etowah Circuit Court against WMB and fictitiously named defendants, claiming wrongful foreclosure and seeking damages for loss of hazard-insurance coverage, the adverse effect on his credit rating, and extreme mental anguish (“the instant action”).
 
 [2]
 
 It is this state-court action that is the subject of this appeal.
 

 
 *438
 
 On October 13, 2004, pursuant to an oral motion to dismiss by WMB, the circuit court signed a written judgment dismissing the instant action pursuant to Rule 41(b), Ala. R. Civ. P. The judgment provided, in pertinent part:
 

 “This cause comes before the Court on [WMB’s] oral motion to dismiss pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure for failure of [Campbell] to prosecute and comply with an order of the Court,
 
 [3]
 
 and it appearing to the satisfaction of the Court that said motion is due to be and is hereby GRANTED.
 

 “It is therefore, ORDERED, ADJUDGED, and DECREED by the Court that the complaint in the above-referenced matter is DISMISSED pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure.”
 

 The judgment was entered on the same date, October 13, 2004, when it was filed with the circuit clerk.
 
 [4]
 
 Also on October 13, 2004, the circuit clerk’s office typed the full text of the circuit court’s separate written judgment onto the case-action-summary sheet, including the following signature line: 7S/ WM. H. RHEA, III, CIRCUIT JUDGE.” The case-action-summary sheet indicates that copies of the circuit court’s written judgment were forwarded by mail to counsel for each of the parties.
 

 Thirteen days later, on October 26, 2004, the circuit clerk’s office added the following statement to the case-action-summary sheet: “DISPOSED ON: 10/13/2006 BY (DISM W/O PREJ).”
 
 [5]
 
 Unlike the circuit court’s separate written judgment of October 13, 2004, the record contains no indication that the parties were in any way notified of the October 26, 2004, entry on the case-action-summary sheet.
 

 WMB filed a motion for a summary judgment in the federal action, contending that the federal action was barred by the doctrine of
 
 res judicata
 
 based on the circuit court’s October 13, 2004, order in the instant action. On August 1, 2006, the federal district court placed the federal action on its administrative docket and asked the parties to seek clarification in the circuit court concerning whether the October 13, 2004, order dismissed the instant action with or without prejudice.
 
 *439
 
 Thereafter, on September 21, 2006, Campbell filed a motion in the circuit court styled as a “motion for clarification,” purportedly invoking Rule 60(b)(6), Ala. R. Civ. P., and asking the circuit court to “clarify that the intention of its October 13, 2004 Order was to be a Dismissal without Prejudice.” Campbell contended that his “motion for clarification” was being filed “within the ‘reasonable time limits’ allowed by Rule 60(b)(6)” because he had not been aware that the October 13, 2004, order needed clarification until WMB filed its motion for a summary judgment in the federal action claiming
 
 res judicata
 
 as a defense. Campbell averred in a subsequent filing that he had “always taken the position .... that [the circuit court’s] Order was a dismissal without prejudice” and that “[t]here was no reason for [Campbell] to seek modification from this Court’s previous order because [Campbell] believed the Order was a dismissal without prejudice.”
 

 On September 21, 2006, the same day Campbell filed his motion, the circuit court issued an order that provided that the October 13, 2004, order “was intended to be made WITHOUT prejudice.” Following an objection by WMB, however, the circuit court vacated its September 21, 2006, order and set the matter for a hearing. On September 27, 2006, WMB filed its written response to Campbell’s motion for clarification, in which WMB generally disputed the grounds for relief asserted in that motion. WMB stated in its response that on January 27, 2005, its counsel sent a letter to Campbell’s counsel explaining that, based on the state court’s judgment of dismissal, WMB intended to assert the defense of
 
 res judicata
 
 in the federal action. WMB also averred in its written response that it had asserted the defense of
 
 res judicata
 
 in the federal action in its answer filed on June 30, 2005, in a motion for a summary judgment, in briefs filed on September 30, 2005, and November 1, 2005, in support of that motion, and, finally, in a renewed motion for a summary judgment filed on May 18, 2006.
 

 Following a hearing, the circuit court on December 29, 2006, issued an order that reinstated its September 21, 2006, order and provided, in pertinent part:
 

 “The above-styled matter is before this Court on [Campbell’s] Rule 60(b)(6)[, Ala. R. Civ. P.,] Motion to clarify this Court’s October 13, 2004 Order to Dismiss. After reviewing the exhibits and [Campbell’s] Rule 60(b)(6) Motion, and based upon this Court’s original intentions with the October 13, 2004 Order to Dismiss, it is hereby ORDERED that the October 13, 2004 Order to Dismiss was intended to be made WITHOUT prejudice and the Original October 13, 2004 Order to Dismiss should be amended, as needed, to reflect that it was a dismissal without prejudice.”
 

 WMB appeals from the circuit court’s December 29, 2006, order purporting to clarify the October 13, 2004, order dismissing the instant action.
 

 II. Analysis
 

 A. The Show-Cause Order
 

 “The grant of a Rule 60(b)[, Ala. R. Civ. P.,] motion is generally treated as interlocutory and not appealable.”
 
 Ex parte Short,
 
 434 So.2d 728, 730 (Ala.1983). Accordingly, on August 22, 2007, this Court ordered WMB to show cause why the circuit court’s December 29, 2006, order was appealable.
 

 An order granting a Rule 60(b), Ala. R. Civ. P., motion generally is not appealable because “further proceedings are contemplated by the trial court.”
 
 Ex parte Overton,
 
 985 So.2d 423, 424 (Ala.2007). When a “circuit court’s order
 
 *440
 
 [granting relief under Rule 60(b) ] was final because no further proceedings were contemplated in the circuit court,” however, we have held that the order should be “treated as a final judgment for purposes of appeal.”
 
 Id.
 
 (citing
 
 Sanders v. Blue Cross-Blue Shield of Alabama, Inc.,
 
 368 So.2d 8 (Ala.1979)).
 
 See generally
 
 § 12-22-2, Ala.Code 1975 (providing that an appeal lies from “any final judgment of the circuit court”).
 

 WMB contends that the circuit court’s order is appealable because, although it purported to alter the final judgment in the instant action from a dismissal with prejudice to a dismissal without prejudice, it nonetheless was a dismissal and therefore constituted a final judgment. Consistent with the above-stated principles, we agree that the circuit court’s order acted as a final judgment in the instant action. We therefore will consider the merits of WMB’s appeal.
 

 B. Standard of Review
 

 “Whether to grant or to deny relief under Rule 60(b)(6) is within the discretion of the trial judge, and the trial judge’s ruling on that question will not be reversed except for an abuse of that discretion.”
 
 Ex parte American Res. Ins. Co.,
 
 663 So.2d 932, 936 (Ala.1995). An appeal from an order granting or denying a Rule 60(b) motion “presents for review only the correctness of the trial court’s order on the motion.”
 
 Combs v. Alabama Gas Corp.,
 
 577 So.2d 1269, 1271 (Ala.1991). Finally, “[w]hile we recognize that the decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial court, ... this discretion ... is not unbridled.”
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861, 866 (Ala.1984).
 

 C. Campbell’s “Motion for Clarification” of the October IS, 2004, Order
 

 Beyond the fact that the October 26, 2004, statement was placed on the case-action-summary sheet by someone in the circuit clerk’s office, the record contains no indication that this statement was authorized by the circuit court.
 
 [6]
 
 Before this statement was placed on the case-action-summary sheet, the circuit court’s actual judgment of October 13, 2004, was duly rendered and entered in compliance with Rule 58, Ala. R. Civ. P., as it then provided.
 
 [7]
 
 Specifically, the circuit court rendered judgment by “executing a separate written document” in the form of the October 13, 2004, judgment described above.
 
 See
 
 Rule 58(a), Ala. R. Civ. P. (describing methods for the rendition of judgments and orders). This judgment was then duly entered in compliance with Rule 58(c), as it read at that time, both by the filing of that separate judgment with the clerk and by the entry by the clerk of a notation of the judgment (in this case, a verbatim recitation of the judgment) on the case-action-summary sheet.
 
 See
 
 Rule 58(c) (describing methods for the entry of judgments and orders);
 
 see also
 
 Rule 5(e) (defining “filing”). Both of these entries of the circuit court’s actual judgment were made on October 13, 2004, the same date that that judgment was rendered by the circuit court. Consequently, the circuit clerk’s placement of a notation on the case-action-summary sheet on October 26, 2004, stating that the action was dismissed without prejudice, was superfluous to the prior entries of the actual judgment.
 

 Further, nothing in the October 13, 2004, judgment itself indicates that the
 
 *441
 
 circuit court intended its dismissal to be without prejudice. The October 13 judgment stated that WMB’s motion to dismiss was granted for “failure of [Campbell] to prosecute and comply with an order of the Court.” Moreover, the judgment explicitly ordered dismissal “pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure.”
 

 Rule 41(b), Ala. R. Civ. P., provides:
 

 “For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
 
 Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision
 
 and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, [Ala. R. Civ. P.,]
 
 operates as an adjudication upon the merits.'”
 

 (Emphasis added.)
 

 The circuit court’s October 13, 2004, order did not state that it was dismissing the instant action without prejudice, and the reason for its dismissal was not “for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19,” Ala. R. Civ. P. Therefore, by its terms and by the terms of Rule 41(b), the circuit court’s October 13, 2004, order clearly constituted a dismissal of the instant action with prejudice. The very purpose of Rule 41(b) is to remove doubt about a court’s intention when it dismisses an action.
 
 See Weissinger v. United States,
 
 423 F.2d 795, 798 (5th Cir.1970) (explaining that Rule 41(b), Fed. R. Civ. P., “seeks to avoid ‘any need for speculation as to the intent of the court and the effect of its dismissal order where the order fails to indicate whether or not it is with prejudice.’ ” (quoting 5 Moore,
 
 Federal Practice,
 
 ¶ 41.14(1), at 1176 (2d ed.1969))).
 
 [8]
 

 Presumably, Campbell filed his “motion for clarification” pursuant to Rule 60(b)(6) because he perceived it to be his only avenue for possible relief from the judgment. At the time Campbell filed that motion, the periods for filing a motion under Rule 59(e), Ala. R. Civ. P. (to alter, amend, or vacate a judgment) or a motion under Rule 60(b)(1), Ala. R. Civ. P. (asking the court to relieve a party from a judgment for “mistake, inadvertence, surprise, or excusable neglect”), had long since expired.
 
 [9]
 
 “Therefore, our inquiry should be whether the motion can properly be con
 
 *442
 
 sidered a Rule 60(b)(6) motion for ‘any other reason justifying relief from the operation of the judgment.’ ”
 
 Textron, Inc. v. Whitfield,
 
 380 So.2d 259, 260 (Ala.1979).
 

 “ ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.” ’ ”
 
 R.E. Grills, Inc. v. Davison,
 
 641 So.2d 225, 229 (Ala.1994) (quoting
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861, 866 (Ala.1984), quoting in turn
 
 Douglass v. Capital City Church of the Nazarene,
 
 443 So.2d 917, 920 (Ala.1983)). As the “catchall” provision of Rule 60(b), “[c]lause (6) ... is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).”
 
 Davison,
 
 641 So.2d at 229. Further, “despite the general discretion vested in trial courts to grant or deny relief from a judgment, a Rule 60(b) motion ‘is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal.’ ”
 
 Wal-Mart Stores, Inc. v. Pitts,
 
 900 So.2d 1240, 1245 (Ala.Civ.App.2004) (quoting
 
 Morgan v. Estate of Morgan,
 
 688 So.2d 862, 864 (Ala.Civ.App.1997)).
 

 “Although grounds for relief under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), this Court has recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6).”
 

 Davison,
 
 641 So.2d at 229 (also noting that in
 
 Giles v. Giles,
 
 404 So.2d 649, 651 (Ala.1981), this Court stated that “ ‘ “[a] quite typical kind of case [for this exception] is that in which a party comes in more than ... [four months] after judgment to assert that he is the victim of some blunder by his counsel” ’ ”).
 

 The circumstances surrounding Campbell’s motion for clarification do not fall within the aggravating-circumstances exception. Instead, the record in the instant action indicates a lack of diligence on Campbell’s part to protect his interests. As noted, a failure to prosecute the instant action was one of the two reasons for the dismissal of this action in the first place. At the time the circuit court entered its December 29, 2006, order in this case, the parallel federal action had been pending for over 28 months. Campbell did not file a Rule 60(b)(6) motion in the circuit court until approximately two years after the October 13, 2004, judgment of dismissal, and even then only at the urging of the federal district court.
 

 For all that appears from the record, throughout the two-year period between the October 13, 2004, judgment of dismissal and the proceedings in the circuit court initiated in September 2006 at the behest of the federal district court, neither party to this action was aware of the statement placed on the case-action-summary sheet by the circuit clerk on October 26, 2004. Although Campbell mentioned the October 26, 2004, statement on the case-action-summary sheet in his motion for clarification and attached it as an exhibit to the motion, he did not assert that he was aware of that statement at any time before September 2006 or that that statement was the reason he had “believed the [October 13, 2004,] order was a dismissal without prejudice.” As Campbell explained in a separate filing, he “always had taken the position ... that [the circuit court’s] Order was a dismissal without prejudice.” Further, in contrast to the indication in the record that copies of the circuit court’s October 13, 2004, judgment were mailed to counsel for each of the parties, there is no such indication in the record with respect to the October 26, 2004, statement on the case-action-summary sheet. In other words, for all that appears, Campbell had
 
 *443
 
 no reason to interpret the circuit court’s October 13, 2004, judgment in any way other than the interpretation required by the plain language of that judgment and the provisions of Rule 41(b), yet Campbell sought no relief from the terms of that judgment for approximately two years.
 

 We cannot conclude that the circumstances of this case constitute the kind of extraordinary circumstances and extreme hardship and injustice that warrant relief under Rule 60(b)(6). We therefore conclude that the circuit court erred in granting Campbell’s Rule 60(b)(6) motion so as to change the disposition of the dismissal in the instant action from a dismissal with prejudice to a dismissal without prejudice.
 

 III. Conclusion
 

 For the foregoing reasons, the circuit court’s order of December 29, 2006, is reversed. As a result of this reversal, the trial court’s order of October 13, 2004, remains in effect as the final judgment in the instant action.
 

 REVERSED.
 

 COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
 

 [1]
 

 . Although it is unclear from the record, we assume that Fannie Mae had received an assignment of rights from WMB under the mortgage.
 

 [2]
 

 . Section 6-5-440, Ala.Code 1975, provides:
 

 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.”
 

 This Court has held that the phrase "the courts of this state” in § 6-5-440 includes federal district courts located in Alabama.
 
 See, e.g., Ex parte Myer,
 
 595 So.2d 890, 892 (Ala.1992);
 
 Terrell v. City of Bessemer,
 
 406 So.2d 337, 339 (Ala.1981). As has been noted, § 6-5-440
 

 "does not operate on the jurisdiction of the trial court. The statute does not provide that the trial court ‘is deprived of jurisdiction over the second-filed action, or that the
 
 *438
 
 second-filed action ‘is void.' Instead, § 6-5-440 provides that when two actions are commenced at different times, the pen-dency of the first-filed action 'is a good defense’ to the second-filed action. Thus, a defendant must raise the first-filed action as a defense in a motion to dismiss.”
 

 First Tennessee Bank, N.A. v. Snell,
 
 718 So.2d 20, 27 (Ala.1998) (See, J., concurring in the result). The materials before us do not reflect whether WMB sought to dismiss the instant action pursuant to § 6-5-440, nor does WMB make any argument on appeal concerning the applicability of that section. Thus, we do not address the extent to which § 6-5-440 might have applied in the present case.
 

 [3]
 

 3.It is not apparent from the record what order of the circuit court Campbell failed to comply with, and the record does not include a transcript of the hearing at which WMB made its oral motion to dismiss.
 

 [4]
 

 . Rule 58(c) as it read before an amendment effective September 19, 2006, is applicable to the instant action; Rule 58(c) then provided, in part, as follows:
 

 "Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order.”
 

 Effective September 19, 2006, Rule 58(c) was amended to provide that an order or judgment shall be deemed "entered” "as of the actual date of the input of the order or judgment into the State Judicial Information System."
 

 [5]
 

 . The case-action-summary sheet also shows a subsequent entry on the same date (October 26, 2004) with similar wording: "DISPOSED BY (DISM W/O PREJ) ON 10/13/2006.”
 

 [6]
 

 . Even the circuit court’s December 29, 2006, order does not mention the October 26, 2004, entry on the case-action-summary sheet.
 

 [7]
 

 .
 
 See
 
 note 4, supra.
 

 [8]
 

 . We have previously noted that “[bjecause the Federal Rules of Civil Procedure were used as a model for Alabama’s procedural rules, these 'federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.’ ”
 
 Ex parte Full Circle Distribution, L.L.C.,
 
 883 So.2d 638, 643 (Ala.2003) (quoting
 
 City of Birmingham v. City of Fairfield,
 
 396 So.2d 692, 696 (Ala.1981)).
 

 [9]
 

 . Campbell, who has not favored this Court with a brief, also did not argue to the circuit court that his motion should be treated as a motion under Rule 60(a), Ala. R. Civ. P., which provides that ”[c]lerical mistakes in judgments [and] orders ... arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party .... ” We recognize that this Court can affirm a trial court’s judgment on “any valid legal ground,” regardless of whether that ground was considered, or even if it was rejected, by the trial court, except where due process constrains us from doing so.
 
 See Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs.,
 
 881 So.2d 1013, 1020 (Ala.2003). Even if treating Campbell's motion as a Rule 60(a) motion would provide a valid legal ground for affirming the circuit court's judgment, to affirm the judgment on this ground under the circumstances of this case arguably would raise due-process concerns for WMB. Such concerns aside, we decline as a discretionary matter in this case to take up the issue without the benefit of briefing by both parties.