STUART, Justice
(concurring specially).
The main opinion and Justice Murdock’s special concurrence address principles relating to venue in a child-custody-modification proceeding; I write to note an additional principle. Alabama’s abatement statute, § 6-5-440, Ala.Code 1975, must be timely raised as a defense to a second-filed action or it is waived. Section 6-5-440 provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
This Court noted in Washington Mutual Bank, F.A. v. Campbell, 24 So.3d 435, 437 *574 n. 2 (Ala.2009), that § 6-5-440 is not jurisdictional:
“‘[Section 6-5-440] does not provide that the trial court “is deprived of’ jurisdiction over the second-filed action, or that the second-filed action “is void.” Instead, § 6-5-440 provides that when two actions are commenced at different times, the pendency of the first-filed action “is a good defense” to the second-filed action. Thus, a defendant must raise the first-filed action as a defense in a motion to dismiss.’ ”
(Quoting First Tennessee Bank, N.A. v. Snell, 718 So.2d 20, 27 (Ala.1998) (See, J., concurring in the result).) “ ‘ “[I]f that defense is not raised by the defendant in a motion to dismiss, ... it is waived.” ’ ” Perdue v. Green, 127 So.3d 343, 350 n. 4 (Ala.2012) (quoting Regions Bank v. Reed, 60 So.3d 868, 884 (Ala.2010), quoting in turn Veteto v. Yocum, 793 So.2d 814, 815 n. 1 (Ala.Civ.App.2001)).