# ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-097

MARCH TERM, 2016

| | | |
|---|---|---|
| Thomas E. Powell | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Family Division |
| Sharon Powell | } | |
| | } | DOCKET NO. 232-7-13 Wmdm |

In the above-entitled cause, the Clerk will enter:

Defendant has moved to dismiss this appeal on the ground that it is not from a final judgment. Plaintiff has filed an opposition to the motion.

The record shows that the family court issued a divorce decree in this matter in March 2014, which became absolute in April 2014. In April 2015, defendant moved for relief from judgment pursuant to V.R.C.P. 60(b), alleging that plaintiff had concealed a significant marital asset. On February 19, 2016, the court issued a written decision granting the motion on the basis of "newly discovered evidence" under V.R.C.P. 60(b)(2), ordered that the final divorce decree be "set aside in the interests of justice," and scheduled a status conference to discuss "next steps." Plaintiff filed a notice of appeal from the ruling on March 18, 2016.

As noted, defendant has moved to dismiss the appeal for lack of a final judgment. The general rule is that "[a]n order granting a Rule 60(b) motion and vacating the underlying judgment . . . is akin to ordering a new trial, and therefore is interlocutory and not appealable." 21A K. Oakes, Federal Procedure, Lawyers Edition § 51:182; accord 11 C. Wright, et al., Federal Practice & Procedure § 2871, at 589-90 (3d ed. 2012) ("An order granting a motion under Rule 60(b) and ordering a new trial is purely interlocutory and not appealable."); see also Nat'l Passenger R.R. Corp. v. Maylie, 910 F.2d 1181, 1183 (3d Cir. 1990) ("When an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is . . . interlocutory and nonappealable."); Washington Mut. Bank v. Campbell, 24 So. 3d 435, 439 (Ala. 2009) ("An order granting a Rule 60(b) . . . motion generally is not appealable because further proceedings are contemplated by the trial court." (quotation omitted)).

In its order here, the trial court granted the Rule 60(b) motion for relief from judgment, vacated the underlying judgment, and scheduled a status conference in clear contemplation of further proceedings. Accordingly, we conclude that the appeal is not from a final judgment, and must be dismissed. See Huddleston v. Univ. of Vt., 168 Vt. 249, 251 (1998) (noting that final judgment is prerequisite to appellate jurisdiction). Plaintiff's assertion that he would be "irreparably harmed" if compelled to undertake a second divorce proceeding is an argument for

granting interlocutory review, not an argument for finality. Similarly, his reliance on the "collateral order exception" is an argument for granting interlocutory review under V.R.A.P. 5.1, not a basis for finding that the order is a final judgment.

Finally, we discern no extraordinary circumstances here that would warrant a suspension of the normal rules of appellate review, under V.R.A.P. 2.

<u>Appeal dismissed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice